**John J. ASBER, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

April 8, 1969.

Wilfred J. Smith, Jr., Wilmington, for defendant below, appellant.

Jay H. Conner, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

In this appeal from a conviction of robbery, the defendant contends that the manner of his confrontation and identification by the prosecuting witness constituted a denial of due process.

The State adduced evidence establishing the following facts:

Mrs. Eloise Moorehead, operator of a motel, was robbed on January 17, 1967. A man entered the motel office shortly before midnight and threatened her with a gun. He was not masked. He demanded and was given the money in the cash drawer. At that point, Mrs. Moorehead said that she felt faint and told the robber that she had a heart condition. She asked him to call the doctor, but he told her to make the call. The robber remained in the room while she called the physician's answering service and left a message. He waited in the motel office while Mrs. Moorehead walked back to her bedroom to rejoin her husband. She and her husband then saw an automobile being driven from the premises; they called the police immediately.

In response to the call, a State Police Detective arrived at the motel at 12:30 A.M. Mrs. Moorehead gave him a description of the holdup man, his clothing, the car, and the gun; and this information was relayed immediately to Police Headquarters for radio broadcast. The Detective was still at the motel at about 1:00 A.M. when he was notified that a suspect had been arrested in Brookhaven, Pennsylvania. He told Mrs. Moorehead that the suspect had a car, a jacket, and a gun similar to those of the robber. Mrs. Moorehead consented to

go to Brookhaven to try to identify the man.

The Mooreheads and the Detective arrived at the Brookhaven police station at about 2:00 A.M. The door through which they entered opened into a small room. The defendant, John J. Asber, was sitting there with two uniformed policemen; a gun was on a desk nearby. No one else was in the room.

Mrs. Moorehead immediately identified the defendant as the robber; she also identified him at trial, over objection. From his conviction for the robbery, the defendant appeals.

The defendant contends that the confrontation and identification by Mrs. Moorehead constituted a denial of due process.* He argues that a proper police lineup would have been the only method of confrontation and identification sufficiently fair to satisfy the requirements of due process; that undue influence arises from the mere fact that the police suspect a certain individual; that having made the identification, it is only human nature to adhere to it afterwards, even in the courtroom. The defendant relies upon Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). There, the Court stated that, judged by the "totality of circumstances", the conduct of identification procedures may be "so unnecessarily suggestive and conducive to irreparable mistaken identification" as to be a denial of due process of law.

Judged by that standard, we find no such unfair police suggestion in the circumstances of this case as to constitute deprivation of due process of law. There was no evidence of undue influence; indeed, we think the police work in this case was commendable. We find unacceptable the proposition that unfair police influence, amounting to

* The benefits of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) regarding the right to counsel at confrontation of suspect by victim, are not claimed because *Wade* was not made effective until June 12, 1967—after the confrontation in the instant case. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

deprivation of due process, arises from the mere fact that the victim sees a suspect at the police station outside a lineup and immediately identifies him under the circumstances of this case. Compare State v. Bratten, Del., 245 A.2d 556 (1968).

The other cases cited by the defendant do not support his position. In Palmer v. Peyton (4 Cir., 1966) 359 F.2d 199, and Biggers v. Tennessee, 390 U.S. 404, 88 S.Ct. 979, 19 L.Ed.2d 1267 (1968), the suspects were required by the police to speak or otherwise participate in the identification process. Here, on the other hand, there was instant and positive identification without any action by the suspect or the police. The recent case of Foster v. California 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969), involving unfair lineup procedures, does not require a conclusion contrary to that we reach herein.

We hold that there was no denial of due process requiring rejection of the evidence of identification in this case.

Affirmed.