**DeNorval BRATTEN, Appellant,**

v.

**STATE of Delaware, Appellee.**

Supreme Court of Delaware.

Sept. 2, 1969.

Reargument Denied Sept. 15, 1969.

---

2. We presently ignore any distinction between "extension" and "renewal." Cf. 32 Am.Jur. § 982.

Henry A. Wise, Jr., Wilmington, for appellant.

Jerome O. Herlihy, Deputy Atty. Gen., Wilmington, for appellee.

CAREY and HERRMANN, JJ., and SHORT, Vice-Chancellor, sitting.

CAREY, Justice:

The appellant, DeNorval Bratten, and another were convicted in Superior Court of the robbery of a liquor store in the afternoon of August 9, 1967. The victim, Mr. Hudson, gave a general description of the two men to the police. Both were tall, thin, light-skinned Negroes. That same night, police officers were called to an inn near Wilmington because of an automobile accident. Upon arrival, they found several Negroes present, including the appellant and his co-defendant. Mr. Hudson was called to the inn and there immediately identified the co-defendant as one of the men who had robbed him. The appellant, however, was then wearing dark glasses and Mr. Hudson was not sure of his identification until after the appellant removed his glasses at the request of the police. He then positively identified Bratten. The appellant's conviction was based entirely upon Mr. Hudson's testimony. In testifying, he admitted that he would have, at the time of trial, been unable to recognize the appellant had he not seen him at the inn.

The conviction is attacked upon two grounds: (1) the admission of Mr. Hudson's testimony as to appellant's identity; and (2) a portion of the charge which, he contends, meant that, if the jury found one defendant guilty, they must also convict the other.

Appellant's first contention is that the confrontation at the inn violated the holdings of United States v. Wade, 388 U. S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, because he was not first informed of his right to an attorney, nor did he have an attorney present. The Court below held that those cases have no application to the facts of this case. See State v. Bratten, Del.Super., 245 A.2d 556. We agree with that holding. We do not read *Wade* and *Gilbert* as requiring the presence of counsel for a defendant at the type of confrontation which took place here. We so held in a somewhat similar situation in Asber v. State, Del.Super., 253 A.2d 204. Cf. Commonwealth v. Bumpus, 238 N.E.2d 343. We see no fundamental unfairness in the events which occurred here. The appellant had not been arrested for the robbery or charged with it; there were at

least three other Negroes present at the time; he was not pointed out to Mr. Hudson as a suspect; it did not occur at a police station; there was no "line-up"; it took place about five hours after the robbery; appellant was not compelled to do anything, although he was asked to remove his glasses. It is indeed difficult to imagine what help an attorney could have given appellant if one had been present.

With respect to the alleged defect in the charge, we need only say that, in our opinion, the jury could not have been misled because, in other parts of the charge, the Court in very explicit language told the jury that they could find both defendants innocent or guilty, or could find one innocent and the other guilty. Cloud v. State, 2 Storey 182, 154 A.2d 680, 78 A.L.R.2d 294.

The judgments below will be affirmed.