## 21393. COLVIN et al. v. WARREN.

STEPHENS, J. 1. Where it was sought to recover of physicians damages alleged to have resulted from their unskilled performance of a surgical operation upon the plaintiff, allegations in the plaintiff's petition that by the operation the defendants removed certain organs from the body of the plaintiff, and "did with knives, scissors, clips, needles, and other surgical instruments and appliances, in performing the operation upon the plaintiff, unnecessarily wound, cut, bruise, tear . . plaintiff's bladder, urethral cord stem, and neck of plaintiff's bladder," and other organs of the plaintiff, and that, "by reason of the carelessness, negligence, unskilfulness and incompetency of defendants in conducting and performing" the operation, the plaintiff's bladder and other organs were injured unnecessarily, and that, as a result of the injury, the bladder would not properly function, were not subject to objections on demurrer that they were "vague, indefinite, and conclusions not justified by any allegations of fact in the petition."

2. Although the plaintiff knew immediately after the performance of the operation that, as a result of the operation, her bladder had been left in a condition where it would not properly function, to the plaintiff's annoyance and discomfort, yet where the defendants assured her that the injury to her bladder was only slight and that the trouble was only temporary, and the injury "would in time heal itself," and she "would be all right," and she was induced by these representations and assurances of the defendants to "refrain from making further inquiry as to her condition," yet where these representations and assurances, when made by the defendants, were known by them to be false, and they knew that the injury to the plaintiff's bladder was in fact permanent and the bladder's inability to properly function would be permanent, and the representations and assurances were made with the intent to deceive the plaintiff and she was deceived and defrauded thereby, and the relationship between the plaintiff and the defendants was a confidential one, and by reason of this relationship the plaintiff imposed a trust and confidence in them, and they owed to her a duty to advise her of her real condition, the defendants, by such conduct, were guilty of such fraud as deterred the plaintiff from bringing an action for damages against them. The suit, which was brought within the statutory period of limitations, which is two years, after the plaintiff, in the exercise of ordinary care, had discovered that the injury to her bladder caused by the operation was permanent and would not heal in time, was not barred by the statute of limitations. Civil Code (1910), §§ 4380, 4114 (2); *Persons* v. *Jones*, 12 *Ga.* 371 (2) (58 Am. D. 476); *Printup* v. *Alexander*, 69 *Ga.* 553; *Capital Bank* v. *Rutherford*, 70 *Ga.* 57 (2 a); *Poullain* v. *Poullain*, 76 *Ga.* 420 (5 b); *Kirkley* v. *Sharp*, 98 *Ga.* 484 (25 S. E. 562); *Anderson* v. *Foster*, 112 *Ga.* 270 (37 S. E. 426); 12 R. C. L. 307-309; 26 C. J. 1071 et seq.

3. The petition alleged a cause of action which was not barred by the statute of limitations, and it was not subject to the general and special

demurrers interposed. The court therefore did not err in overruling the general and special demurrers.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 18, 1932.

*Gibbs & Turner, Bryant, Middlebrooks & Carter,* for plaintiffs in error.

*Vara A. Majette, Parker & Parker,* contra.