27387. WOOD *v.* ANDERSON.

Decided July 6, 1939.

*Mrs. R. L. Wood* pro se. *P. M. Anderson,* contra.

STEPHENS, P. J. Mrs. R. L. Wood instituted suit in the superior court of Evans County against P. M. Anderson, to recover damages alleged to have been sustained by her as the result of al-

leged negligence of the defendant in failing, as an attorney at law employed by her, to properly prosecute in the courts a claim for damages which she had against a named dentist for alleged negligence in the performance of his professional duties in his treatment of the plaintiff's teeth, gums, etc. The plaintiff alleged in her petition, that the defendant agreed with her, for a fee of $25 in cash and one fourth of the recovery, to prosecute, as her attorney at law, her claim against the dentist; that afterwards, on August 15, 1933, the plaintiff left with the defendant's wife $25 to be paid to the defendant pursuant to the agreement; that the defendant received the $25, and acknowledged receipt thereof in a letter written to the plaintiff on August 18, 1933; that the defendant prolonged the trial of the plaintiff's case; that on account of sickness the plaintiff could not attend court, and so advised the defendant by mail; that the defendant did not appear at court to "protect the case, and it was thrown out;" that the defendant "gave up the case," but the plaintiff desired that the case be tried; that the defendant agreed to obtain a reinstatement of the case; and that the defendant by his alleged conduct caused the plaintiff to lose her suit, to her damage in the sum of $25,000. By an amendment to her petition the plaintiff alleged that the injuries, to recover damages for which she had employed the defendant as her attorney to prosecute the suit, were inflicted on her by the dentist August 17, 1931. She alleged in detail the treatment which she received from the dentist, and the effect which such treatment had upon her.

The defendant in his plea alleged that the plaintiff consulted him about bringing suit against the dentist; that she stated to the defendant that her case was about "out of date," and that she wanted suit brought before her claim became barred; that he tried to dissuade her from bringing the suit, as he did not believe she could recover, and so advised her, but at her persistence he informed her that he would bring the suit for $25, in order to prevent the suit from becoming barred, and that if she would produce evidence of physicians and dentists which would establish her contention he would try the case for fifty per cent. of the recovery, but unless she could obtain such evidence he would not try the case; that afterward the plaintiff came to the defendant's home, in his absence, and left $25 which was to pay for the bringing of the ac-

tion; that this was within a day or two of the cause of action becoming barred; that he did not have time enough before the case became barred to get in communication with the plaintiff; that he entered the suit "the same day or the day before it would have been barred;" that he advised the plaintiff of what he had done, and called her attention to what he had previously told her, to the effect that she would have to obtain evidence of the nature of which he had already informed her; that she failed to furnish such evidence, and the defendant informed her that it would be useless to try the case and he did not intend doing so; that the case was afterward dismissed as alleged; that the plaintiff insisted that the defendant obtain a reinstatement of the case, which the defendant did, but with the understanding with her that he would be under no obligation to try the case, and that the plaintiff should obtain another attorney to try it; and that the defendant fully complied with his obligation to the plaintiff by filing the petition, so that the suit would not become barred and the plaintiff would have time to obtain evidence if she could, but which she wholly failed to do.

The plaintiff, in her testimony on the trial, after narrating at great length the treatment which she had received by the dentist against whom she claimed damages, testified that when she called to see the defendant about her case she could not get any satisfaction out of him, except that he stated that the dentist had sent him word not to file the suit; that after the case was thrown out of court the first time, she requested the defendant to reinstate the case; that she could not appear at court when the case was due for trial, because of sickness at home; that she advised the defendant of her inability to attend court; that the defendant later agreed to reinstate the case and try it if the plaintiff would get certificates from doctors as evidence; and that the defendant told her that the case had been dismissed because of "our not being there" at court. The plaintiff introduced in evidence the letter to her from the defendant, dated August 18, 1933, in which he stated that on his return home his wife gave him the money which the plaintiff had left for him; that he prepared and filed the suit on the 17th; that this was as early as he could have got the suit filed, as he was out of town and did not get back until two o'clock in the morning of the 16th; that the case was filed "in plenty of time;" that he could have waited several days longer, "as it was probably some days

after the work was done before you [the plaintiff] realized and knew that you had been damaged as you claim;" and that he would keep the plaintiff advised as to the developments in the case.

The defendant testified, that about the time alleged in the petition the plaintiff came to him, and it appeared to him that the claim was about barred by the statute of limitations; that he endeavored to dissuade her from bringing the suit, as he did not believe she could recover, and so advised her; that he informed her that he would file the suit for $25, in order to prevent the case from being barred, and that if she would procure evidence of physicians and dentists to prove her contentions, he would try the case for fifty per cent. of the recovery, but unless she obtained such evidence he could not go on with the case; that when he came home on the morning of August 16, 1933, he found that the plaintiff had left $25 with his wife for him as a fee for his instituting the suit against the dentist; that he did not have time to communicate with the plaintiff before the case became barred, so he prepared and filed the suit and advised the plaintiff of what he had done, and called her attention to the previous agreement to the effect that she must provide evidence to substantiate her claim; that the plaintiff failed to do this; that she later gave him names of doctors who might give evidence in the case; that he communicated with them, and some of them replied and some did not; that those replying stated that they knew nothing about the plaintiff's contentions; that he wrote to the plaintiff the result of this investigation, and told her that it was useless to try the case, and that he did not intend trying it unless she could produce evidence; that he brought the suit simply to protect her interest and to keep the suit from becoming barred, and to give her time to obtain evidence; that after the case was dismissed, the plaintiff requested him to have it reinstated; that he had the case reinstated, but told the plaintiff that he had the case reinstated under the condition that he would be under no obligation to try it, and that she should get some other attorney to try it; that he fully complied with his obligation to the plaintiff by filing the petition, so that the suit would not become barred and so she would have time to obtain evidence and arrange to procure another lawyer to try the case; that after this he had nothing more to do with the matter; that he filed the petition against the dentist on the next day after the plaintiff had left the money with

his wife, which was as early as he could file it, as he was out of town on the day she brought the money to his house, and did not return until late that night. The suit was filed August 17, 1933. The defendant introduced in evidence a letter from the plaintiff, dated December 31, 1934, in which she requested him to reinstate the case, so it would be in shape for another lawyer to take, and that the plaintiff would consider the matter settled between her and the defendant. He further testified that the plaintiff insisted that he get the case reinstated, and told him if he would do so she would relieve him from all further connection in any way with reference to the case; that upon this promise by her he took the matter up with the attorney for the dentist, and succeeded in getting the suit reinstated; that he did not do this because he was bound to do it, but did so under the contract solely on the plaintiff's agreement to relieve him of the whole matter; and that when he had filed the petition in order to prevent the bar of the suit, he had done all that he was obligated to do until and unless the plaintiff should furnish the required evidence from physicians and dentists. There was testimony as to the effect of novocain upon a person to whom it is administered. The plaintiff did not deny the statements made by the defendant in his testimony.

The court directed a verdict for the defendant. The plaintiff excepted to that ruling, and to the exclusion by the court of a certified copy of depositions taken in the case of the plaintiff against the dentist. It does not appear what the contents of the depositions were, or the nature and character of the evidence. Nowhere does it appear in the petition or in the answer or in the evidence what was the final disposition of the plaintiff's suit against the dentist. So far as it appears, the suit is still pending in court. It appears nowhere that the plaintiff lost her suit against the dentist on the ground that it was barred by the statute of limitations. If the plaintiff's cause of action arose on August 17, 1931, the date on which it appeared she was treated by the dentist, it does not necessarily follow that her suit filed on August 17, 1933, if this was more than two years after the accrual of the right of action, was barred by the statute of limitations. Causes of action of this character are not necessarily barred after the expiration of two years from the accrual of the right of action. It is possible in such cases that by reason of fraud or concealment by the dentist

of the nature of the treatment, thus preventing knowledge by the patient of the nature of the treatment, the patient's cause of action is deterred, and the statute of limitations does not begin to run until the date when the patient acquires knowledge of the fraud. Code, § 3-807; *Colvin* v. *Warren*, 44 *Ga. App.* 825 (163 S. E. 268). While from the evidence in the case on trial no such fraud may appear, it does not follow that such fraud would not appear on the trial of the case of the plaintiff against the dentist. On the trial of the plaintiff's case against the dentist it might appear in the evidence that the action was not barred by the statute of limitations. The bar by the statute of limitations being a personal plea, it may be that on the trial of the case the defendant would not plead the statute or insist upon it. There is no evidence whatsoever in the case now before the court that the plaintiff suffered any damage on the ground that her suit when filed by her attorney, the defendant, had become barred by the statute of limitations. So far as it appears, the suit may have been filed within the period of limitation. This could not be determined except upon the trial of the case of the plaintiff against the dentist.

Under the contract between the plaintiff and the defendant, which was undisputed, the defendant was not required to go on with the case unless the plaintiff produced evidence sufficient to authorize or warrant a recovery, which she did not do. It does not appear that the defendant failed to carry out his contract with the plaintiff, and that he did not do all that he was required to do as her attorney in the handling of the case. It appears undisputed from the evidence contained in the letter of the plaintiff to the defendant, dated December 31, 1934, and the testimony of the defendant, that if the defendant would get the plaintiff's case reinstated she would consider matters settled between her and the defendant. The defendant obtained a reinstatement of the case.

There was no error in the refusal of the court to exclude from evidence the certified copy of the depositions taken in the plaintiff's case against the dentist. Such evidence, not being between the same parties, but being between different parties, was not admissible against the defendant in this case, who was not a party to the other case. Besides, it does not appear what the contents of the depositions were, or what the nature and character of the evidence was. It does not appear that any relevant or admissible evidence was offered and excluded.

Matters not appearing in the record as contained in the plaintiff's briefs filed in this court, and which the plaintiff offers to produce in this court, can not be considered. This court can not go outside the record as here presented.

It does not appear that the plaintiff suffered any damage whatsoever resulting from the conduct of the defendant. The undisputed evidence demanded such finding by the jury. The court did not err in excluding evidence, and in directing the verdict for the defendant. *Judgment affirmed. Sutton and Felton, JJ., concur.*