19269. DUKES *v.* BALKCOM, Warden.

ARGUED FEBRUARY 14, 1956—DECIDED MARCH 12, 1956.

*Donald L. Hollowell,* for plaintiff in error.

*Eugene Cook, Attorney-General, Robert H. Hall, E. Freeman Leverett, Assistants Attorney-General, J. Max Cheney, Deputy Assistant Attorney-General,* contra.

ALMAND, Justice. Jesse Dukes sought by writ of habeas corpus to obtain his release from the Georgia State Prison, it being claimed that he was illegally convicted of larceny, in that he was denied his rights guaranteed by the 14th Amendment to the Constitution of the United States because he did not have the benefit of counsel at the time of his plea of guilty and sentence by the court. It appears from the bill of exceptions that when the petition for habeas corpus was heard by the judge, evidence was introduced in the form of oral testimony and by affidavits, and the judgment remanding the petitioner to the custody of the respondent recites that the order was entered "after hearing evidence." The bill of exceptions assigns error on matters relating to the admission or rejection of evidence, and on the final order of remand.

Counsel for the respondent insists that the judgment must be affirmed, because if there is any error in the judgment or rulings complained of, their correctness or incorrectness is dependent entirely upon a consideration of the evidence introduced on the hearing, which is incorporated neither in the bill of exceptions nor in the record bearing the approval of the trial judge.

It is apparent from the record that the bill of exceptions was brought to this court under Code § 6-802, which requires that a brief of evidence, where not set out in the bill of exceptions, be approved by the trial judge. Though there appears in the transcript of the record in this case what purports to be a brief of evidence, consisting of oral testimony of certain witnesses and affidavits which show that they have been filed with the court, it does not appear anywhere in the record that such transcript of evidence or affidavits have been approved by the judge. We have repeatedly held that the fact that the clerk sends up what appears to be a brief of evidence, pursuant to directions in the bill of exceptions, such evidence set out in the transcript of the record is not sufficient where it has not been approved by the court.

*Smith* v. *Henderson,* 190 *Ga.* 886 (1) (10 S. E. 2d 921); *Attaway* v. *Duncan,* 206 *Ga.* 230 (1) (56 S. E. 2d 269). In such a situation, no consideration can be given to any of the assignments of error in this case, for the reason that the merits of such assignments of error can be passed upon only from a consideration of the evidence, and such evidence is not properly before us. We have to assume that the judgment is correct and affirm it, the burden being upon the plaintiff in error to show error by the record. *Attaway* v. *Duncan,* supra (2).

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., not participating.*