42989. SELIGMAN & LATZ OF ATLANTA, INC. v. GRANT.

JORDAN, Presiding Judge. This is an action for false imprisonment, based on the alleged wrongful detention of the plaintiff, Mrs. Margaret L. Grant, a customer of the defendant. The defendant, Seligman & Latz of Atlanta, Inc., operates a beauty salon in Rich's department store in Atlanta, which the plaintiff visited to have her hair combed. She received a bill for $1.50 for the service, and discovered she only had $1.29 in her possession. In a deposition obtained by the defendant, the plaintiff testified that it was about 11:45 a.m. when she informed the cashier of her predicament. The cashier told her to "Have a seat" and she sat down. About 15 minutes later she got up and asked the cashier if she could look for a girl friend who was supposed to meet her there, to which the cashier replied, "Yes, leave your pocketbook up here and go ahead," or words to the same effect. She left her purse, searched through the store unsuccessfully, and returned to the area of the beauty salon. When she went to the desk the cashier asked her, "Did you find (or look for) your girl friend?" She answered, "I didn't find her," and the cashier replied, "Well, have a seat," and again she sat down. Other conversation took place, and the plaintiff informed the cashier that she did not have a charge account and also told her where she worked. On previous occasions the plaintiff had observed that no one was continuously out front where customers waited, but on this occasion whenever the cashier left the area she would ask another employee to come out front. While waiting the plaintiff conversed with two customers and a beautician known to her as Betty. The plaintiff was allowed to use the telephone to call a friend, who eventually came with enough money to pay the bill, and they left about 1:10 p.m. The only other evidence is the

deposition of Mrs. Edna W. Moore, the defendant's manager at the time of the incident, and although her version of what actually took place conflicts with that of the plaintiff, it is consistent in showing that no one ever touched the plaintiff or attempted to restrain her by the use of force. Upon considering the pleadings and the foregoing evidence the trial court refused to grant a motion for summary judgment for the defendant, from which order the defendant appeals. *Held:*

1. In order for a defendant to prevail on a motion for summary judgment the pleadings, uncontradicted evidence, or an admission must negate an essential element of recovery. *Scales v. Peevy,* 103 Ga. App. 42 (3) (118 SE2d 193). The record must establish without contradiction that the plaintiff is not entitled to recover and the pleadings and evidence are construed liberally in favor of the plaintiff, who is entitled to the benefit of any permissible inferences from which a jury might resolve the issue in favor of the plaintiff. *Watkins v. Nationwide Mut. Fire Ins. Co.,* 113 Ga. App. 801 (149 SE2d 749); *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178 (129 SE2d 408); *White v. Morris,* 114 Ga. App. 618 (152 SE2d 417).

2. "The only elements necessary to create liability for false imprisonment are the detention and its unlawfulness. *Waters v. National Woolen Mills,* 142 Ga. 133 (82 SE 535); *Conoly v. Imperial Tobacco Co.,* 63 Ga. App. 880 (12 SE2d 398). Malice and want of probable cause need not be shown. *Westberry v. Clanton,* 136 Ga. 795 (72 SE 238); *Vlass v. McCrary,* 60 Ga. App. 744 (5 SE2d 63). 'The restraint constituting a false imprisonment may arise out of words, acts, gestures, or the like, which induce a reasonable apprehension that force will be used if plaintiff does not submit; and it is sufficient if they operate upon the will of the person threatened, and result in a reasonable fear of personal difficulty or personal injuries.' *Sinclair Refining Co. v. Meek,* 62 Ga. App. 850, 854 (10 SE2d 76)." *Greenbaum v. Brooks,* 110 Ga. App. 661, 663 (139 SE2d 432). See *Code* § 105-901.

3. Applying the foregoing rules to the case at bar we think a jury could draw a permissible inference from the testimony of the plaintiff that the words and acts of a person purportedly acting for the defendant were sufficient to induce a reasonable apprehension in the mind of the plaintiff that force would be used if she did not remain in the immediate area

of the beauty salon or in the department store until she made
satisfactory arrangements to pay her bill. This inference
gains support not only from what was said to the plaintiff
and the conduct of the cashier in not allowing the plaintiff
out of her presence or out of the presence of someone acting
for her in the area of the beauty salon, but from the condi-
tion placed upon the plaintiff of leaving her purse at the
desk while she looked in other parts of the department store
for a friend with money to pay the 21¢ balance on her bill.
If the defendant, through the acts of its employee, induced a
state of mind in the plaintiff acting as a reasonable person,
which caused her to believe that she was under a moral
restraint to remain in the area of the beauty salon or the
store, or else suffer unknown consequences in the form of
personal difficulty or injury, such restraint would support a
recovery for false imprisonment. Such a determination is a
question for a jury under the circumstances existing here.
Accordingly, the trial judge did not err in overruling the
motion of the defendant for a summary judgment.

*Judgment affirmed. Deen and Quillian, JJ., concur.*

ARGUED SEPTEMBER 11, 1967—DECIDED OCTOBER 24, 1967.

*Long, Weinberg & Ansley, John K. Dunlap, Ben L. Weinberg,
Jr.,* for appellant.
*William I. Aynes, Paul C. Myers,* for appellee.