45380.   MOYE v. THE STATE.

ARGUED JUNE 2, 1970—DECIDED JUNE 11, 1970.

*Hester & Hester, Frank B. Hester, Alston, Miller & Gaines, Jerome Zivan,* for appellant.

*Lewis R. Slaton, District Attorney, Tony H. Hight,* for appellee.

EBERHARDT, Judge. ■ In his brief defendant argues that an identification procedure which involves only a face-to-face confrontation in the courtroom after the witness had observed the accused

in situations indicating that he was the man on trial, with no opportunity for comparison or selection of the accused from a group, is so unnecessarily suggestive and conducive to irreparable mistaken identification as to constitute a denial of due process of law; that there was ample time prior to trial in which the prosecution could have arranged an adequate line-up; that independent recollection is a relevant factor in determining whether an identification is accurate, but that the facts of this case indicate that there was no opportunity for the recollection of the eyewitness to operate independently of the prejudice inherent in a situation where the accused is led into the courtroom wearing handcuffs, where he is the only person sitting in front of the railing at counsel table not wearing a coat and tie, and where he is paraded up and down the hallway leading to the courtroom in handcuffs and in custody of the sheriff.

This attack must fail. A line-up identification, or identification from a group of photographs, is not a prerequisite to every in-court identification. See, e.g., Stovall v. Denno, 388 U. S. 293 (87 SC 1967, 18 LE2d 1199); Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247); Biggers v. Tennessee, 390 U. S. 404 (88 SC 979, 19 LE2d 1267); United States v. Lipowitz, 407 F2d 597 (CA 3); United States v. Deegan, 406 F2d 217 (CA 2); Asber v. State, 253 A2d 204 (Sup. Ct. Del.); Laury v. State, 260 A2d 907 (Sup. Ct. Del.); People v. Gardner, 35 Ill. 2d 564 (221 NE2d 232); Steel v. State, 246 Ark. 74 (436 SW2d 800); People v. James, 269 Cal. App. 2d 360 (74 Cal. Rep. 856). The test is whether the identification confrontation staged by the law enforcement authorities, judged by the "totality of the circumstances surrounding it," is "so unnecessarily suggestive and conducive to irreparable mistaken identification" as to constitute a denial of due process of law. See, e.g., Stovall v. Denno, supra; Foster v. California, 394 U. S. 440 (89 SC 1127, 22 LE2d 402). Stated conversely, a conviction based upon an in-court identification following a pre-trial identification will be set aside on that ground only if the pre-trial identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Simmons v. United States, supra. And, if the pre-trial confrontation is accidental and not so arranged by the authorities as to make a

resulting identification virtually inevitable, there is no denial of due process (People v. James, supra; Spears v. State, 254 NE2d 196 (Sup. Ct. Ind.)), particularly where no identification is made to the authorities at the time of the confrontation. Steel v. State, supra. Even if the pre-trial identification is "tainted," the in-court identification is not constitutionally inadmissible if it does not depend upon the prior identification but has an "independent origin" (United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149); Gilbert v. California, 388 U. S. 263 (87 SC 1951, 18 LE2d 1178); People v. Brown, 102 Ill. App. 2d 382 (243 NE2d 341)), such as where the witness discussed with defendant the possible sale of an automobile for about ten minutes before the automobile was stolen. Fitts v. United States, 406 F2d 518 (CA 5). Finally, the principle is clear from the "one-man showup" cases cited above that undue suggestion does not arise merely from the fact that the authorities suspect and now accuse a certain individual. See also State v. Fields, 104 Ariz. 486 (455 P2d 964), where it was held that an in-court identification was not tainted by an identification at a preliminary hearing where the defendants were the only Negroes in the courtroom and appeared in handcuffs with a police officer, and United States v. Moss, 410 F2d 386 (CA 3), where it was held that an in-court identification of the accused was not rendered improper by the fact that he was the only member of his race present in the courtroom.

In the instant case the witness observed the defendant on two occasions subsequent to the incident at Belvedere and prior to seeing him in handcuffs; she recognized the defendant on both occasions as the person involved in the credit card affair; these confrontations were not staged by the authorities, nor did they repeatedly suggest that "*This* is the man" (Foster v. California, 394 U. S. 440, 443, supra), nor was she asked by the authorities to identify the defendant prior to the in-court identification; she had already seen and recognized the defendant in a non-suggestive atmosphere on two occasions prior to seeing him in handcuffs on the second day of the trial; and her in-court identification rested solely upon the incident at Belvedere, where she spent approximately five minutes with defendant, observed him closely, and described him to Rich's security officers some half-hour later.

Under these circumstances, we know of no authority which would authorize a holding that this in-court identification was constitutionally inadmissible.

Enumeration of error 1 is without merit.

■ The second enumeration of error raises the issue of the constitutionality of the procedure whereby the same jury determines the defendant's innocence or guilt as well as recommends his punishment. "The question of whether or not this practice is a violation of rights guaranteed under the Fourteenth Amendment is now pending before the United States Supreme Court. See Maxwell v. Bishop, 385 U. S. 650 (87 SC 768, 17 LE2d 671)." *Cummings v. State,* 226 Ga. 46, 51, supra. Although the Supreme Court granted certiorari in the Maxwell case to consider, inter alia, the single-verdict procedure (393 U. S. 997), that case has been remanded to the District Court to consider a belatedly-raised Witherspoon issue. 38 U. S. L. Week 3475 (U. S., June 2, 1970). However, the Supreme Court will consider the single-verdict issue in No. 709, Misc., Crampton v. Ohio (38 U. S. L. Week 3478, supra) "at an early date in the 1970 term." Maxwell v. Bishop, 38 U. S. L. Week 3475, supra, note 4. At the present time we are bound by *Cummings v. State,* supra, which decided this issue adversely to defendant's contentions. And see Giaccio v. Pennsylvania, 382 U. S. 399 (86 SC 518, 15 LE2d 447); Spencer v. Texas, 385 U. S. 554, 568 (87 SC 648, 17 LE2d 606).

Enumeration of error 2 is without merit.

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*