46369.   LOCKHART v. WALKER.

DEEN, Judge. "Questions of negligence, diligence and contributory negligence are not ordinarily susceptible of adjudication on summary judgment. *Brown v. Iocovozzi*, 117 Ga. App. 693, 695 (161 SE2d 385). The burden of showing the absence of a genuine issue of any material fact rests on the party moving for summary judgment; no duty devolves upon the opposing party to produce rebuttal evidence unless the movant first makes a prima facie showing of right to a summary judgment. *Shadix v. Dowdney*, 117 Ga. App. 720 (162 SE2d 245). *Central of Ga. R. Co. v. Hawes*, 120 Ga. App. 4 (169 SE2d 356)." *Massey v. Hilton Heights Park, Inc.*, 121 Ga. App. 214, 219 (173 SE2d 396). To warrant the entry of summary judgment, the undisputed facts "should show the right of the defendant to a judgment with such clarity as to leave no room for controversy, and they should show affirmatively that the plaintiff would not be entitled to recover under any discernible circumstances." *Watkins v. Nationwide Mut. Fire Ins. Co.*, 113 Ga. App. 801, 802 (149 SE2d 749).

To sustain the motion for summary judgment in this slip-and-fall case the defendant relies entirely on the deposition of the plaintiff to prove that he was not negligent in failing to wipe up from the office floor rainwater tracked in by customers. The

plaintiff offered no testimony as to how long the water had been on the floor, or any other facts other than that she was wearing a brace; that rainwater had been tracked in; and that she did fall and break her hip. The defendant offered no affirmative evidence at all. While the evidence before us might not sustain a verdict for the plaintiff, it cannot be said as a matter of law that she could under no discernible circumstances effect a recovery.

The trial court did not err in denying the motion for summary judgment.

*Judgment affirmed. Bell, C. J., and Pannell, J., concur.*
ARGUED JUNE 28, 1971—DECIDED JULY 13, 1971.

*Troutman, Sams, Schroder & Lockerman, Robert C. Pennington, Michael C. Murphy*, for appellant.
*Atkins & Atkins, Dorothy D. Atkins*, for appellee.