## 45380. MOYE v. THE STATE.

PER CURIAM. James N. Moye was convicted in Fulton Superior Court of the offense of larceny of an automobile and of credit cards. He appealed his conviction to this court and we affirmed, the judgment and opinion appearing in *Moye v. State,* 122 Ga. App. 14 (176 SE2d 180). No timely motion for rehearing was filed and in due course the remittitur was sent down to Fulton Superior Court on July 9, 1971.

Thereafter he applied to the United States District Court for a writ of habeas corpus. A full history of what had happened procedurally in the case up to that time will be found in Moye v. State of Ga., 330 FSupp 290. An order was entered by that court providing that unless within 60 days this court allow an out-of-time motion for rehearing to be filed and considered, the defendant be discharged. Such a motion for rehearing was filed October 22, 1971, but we dismissed it because of lack of jurisdiction. The State then appealed the order or judgment to the United States Court of Appeals, and there was an

affirmance, the opinion and judgment appearing in Moye v. Highsmith, 460 F2d 1388.

In affirming the District Court the Court of Appeals again provided that unless an out-of-time motion for rehearing be allowed and considered within 60 days, the defendant be discharged, and pursuant to their order and judgment the record was ordered returned to this court by Fulton Superior Court so that we might have the matter before us.

Pending the appeal Moye had been released on his own recognizance to abide the judgment of the United States Court of Appeals on the appeal. We called for briefs from all counsel on the question of whether the release of Moye had rendered further questions moot. Moye's counsel sought an extension of time for the filing of his brief and it was granted. We now have all briefs before us, together with the record and copies of all orders that appear to have been made since our judgment of affirmance was entered. *Held:*

1. We conclude that the matter is not moot. As counsel for appellant concedes, the order by which Moye was released was not a final one. He was simply released on his recognizance requiring that he appear and abide further judgments in the matter.

2. Pursuant to the order and judgment of the United States Court of Appeals, affirming the District Court, we have reinstated the out-of-time motion for rehearing and have considered it on its merits. The grounds of the motion are:

"Defendant respectfully requests that he be granted a rehearing of his appeal and that the court reconsider its decision dated June 11, 1970, in that defendant was denied counsel at his preliminary commitment hearing despite his requests to be provided with counsel. The denial of counsel occurred at a 'critical stage' at which counsel for the defendant must be provided. Coleman v. Alabama, 399 U. S. 1 (1970)."

The basis for a rehearing in this court is found in Rule 33 (f) (see 122 Ga. App. 885, 901):

"A rehearing will be granted, on motion of the losing party, only when it appears that the court has overlooked a material fact in the record, a statute, or a decision which is controlling as authority and which would require a different judgment from that rendered, or has erroneously construed or misapplied a provision of law or a controlling authority. No motion for a rehearing will be entertained which does not expressly point out what material fact in the record, or controlling statute or decision, has been overlooked by the court, or what provision of law or controlling authority has been erroneously construed or misapplied."

A careful examination of the record does not disclose that any contention was ever made or raised until the filing of this out-of-time motion for rehearing that appellant was denied counsel at a preliminary hearing. It does appear that an attorney from the Public Defender's office was assigned to represent him shortly after his indictment, and thereafter a Mr. Sapp was appointed, and upon his withdrawal Mr. Zivan was appointed as his counsel. Nothing in the record indicates that there was a preliminary hearing prior to the indictment.

After the verdict of guilty was returned a motion for new trial on the general grounds was filed, and afterwards amended to include three additional grounds, viz., that the court had allowed an in-court identification of the defendant in violation of his constitutional rights, that the defendant had not physically been in the courtroom "during conversation between the Honorable Judge presiding and the jury, said conversation taking place in the presence of the entire jury and in the involuntary absence and without his personal waiver, in violation of defendant's constitutional rights to be present at all stages of the trial," and that the court had submitted both the issue of his guilt or innocence and of the sentence to be imposed to the same jury.

The motion, as amended, was overruled and defendant appealed, enumerating as error *two grounds* only, viz., that

the court had erroneously allowed an in-court identification of the defendant, and that the court had erroneously submitted both the issue of his guilt or innocence and that of what sentence should be imposed to the same jury. Both of these were dealt with in our opinion and judgment of affirmance in 122 Ga. App. 14 (176 SE2d 180).

As will be seen, the out-of-time motion for rehearing does not point to any material fact in the record that was overlooked, nor does it cite any statute, decision or authority requiring a judgment different from that which we rendered, or which we erroneously construed or misapplied in arriving at our judgment. It in no way meets the requirements for a motion as provided in our Rule 33 (f), found in 122 Ga. App. 885, 901.

The claim of error made for the first time in the out-of-time motion for rehearing can furnish no ground on which we are authorized to reverse the judgment. *Code Ann.* § 6-810 (Ga. L. 1965, pp. 18, 29, as amended, Ga. L. 1965, pp. 240, 243); *Windsor v. Southeastern Adjusters,* 221 Ga. 329 (144 SE2d 739); *Calhoun v. Patrick,* 116 Ga. App. 303 (157 SE2d 31). "Matters not enumerated as error will not be considered on appeal." *Rider v. State,* 226 Ga. 14 (2) (172 SE2d 318). But in any case, it is wholly unsupported by the record and totally lacking in merit.

Error must appear from the record sent to this court by the clerk of the trial court. *Meltzer v. C. Buck LeCraw & Co.,* 225 Ga. 91 (1) (166 SE2d 88); *Shepherd v. Shepherd,* 225 Ga. 455 (3) (169 SE2d 314). The burden is on the party alleging error to show it affirmatively by the record. *Campbell v. Powell,* 206 Ga. 768 (3) (58 SE2d 829); *Dukes v. Balkcom,* 212 Ga. 300, 302 (92 SE2d 18); *Wilson v. Balkcom,* 217 Ga. 754 (125 SE2d 57); *Baldwin v. Grimes,* 219 Ga. 68 (131 SE2d 563).

*Motion denied. Hall, P. J., Eberhardt, P. J., Pannell, Deen, Clark and Stolz, JJ., concur. Bell, C. J., Quillian and Evans, JJ., dissent.*

DECIDED OCTOBER 17, 1972—

*Hester & Hester, Frank B. Hester, Alston, Miller & Gaines, Jerome Zivan,* for appellant.

*Lewis R. Slaton, District Attorney, Tony H. Hight,* for appellee.

BELL, Chief Judge, QUILLIAN and EVANS, Judges, dissenting. Long after the time for filing a motion for rehearing had expired, the present motion was filed. Neither the United States District Court for the Northern District of Georgia nor the Court of Appeals for the Fifth Circuit has the authority, jurisdiction or legal power to extend the time for filing motions for rehearing in the Court of Appeals of Georgia.