### 48589. KOHLMEYER & COMPANY v. BOWEN.

CLARK, Judge. This is the second appearance of this case in which a securities dealer sued a purchaser of bonds based upon an alleged breach of contract. The facts are detailed in the previous appeal reported in 126 Ga. App. 700 (192 SE2d 400). After the remittitur was received in the trial court plaintiff moved for a summary judgment in its behalf. That motion was based principally upon the opinion rendered by this court. In this motion plaintiff voluntarily reduced the amount of the ad damnum by the sum of $660.55 which it stated was "an amount equal to the interest which accrued between the date of the admitted contract and the date of issuance of the bonds on the grounds [sic] that there is no issue of any material fact other than whether there existed a parol agreement as to the accrued interest." (R. 47).

In opposition to this motion defendant filed his affidavit (R. 61-62). Therein he contended that there had been an anticipatory breach of contract by plaintiff in refusing to "pay interest on said bonds, as had previously been agreed, from March 20, 1970" with the result that defendant had legal cause to consider any contract terminated. He further contended an additional breach in a notification statement dated April 21, 1970, in which the gross price not only failed to include the interest from March 20, 1970, "as originally agreed" but included $1,933.33 "as additional interest." In reply thereto "he directed a letter dated April 30, 1970, to plaintiff again setting out position in regard to the breach of the contract between the parties by the plaintiff." (R. 62).

The trial court denied the motion for summary judgment from which this appeal is taken accompanied by the requisite review certificate.

1. Defendant's affidavit presents different facts than those contained in the record at the time of the first appeal. This is permissible. *Grizzard v. Grizzard,* 224 Ga. 42, 43 (159 SE2d 400); *Giordano v. Stubbs,* 129 Ga. App. 283 (199 SE2d 322).

2. In plaintiff's summary judgment motion it is contended that the reduction of the claim by the amount of $660.55 (the amount of the accrued interest) removes any issue of material fact. This assertion fails to take into account another material fact which was referred to in the last paragraph of our previous majority opinion at p. 707. From this we quote as follows: "A fact issue was made for the court, but it was not determined. It remains, and the court should decide from the evidence whether the contention of the plaintiff or that of the defendant is correct. In so doing the court should consider whether the contention is consistent with or repugnant to the terms of the contract which are *admitted* by both parties, and that should be adopted which is consistent with, rather than that which is repugnant (if there is a repugnancy) to the admitted terms, for it is a rule of construction that the consistent rather than the repugnant must prevail."

3. There also remains an additional genuine issue of fact for trial created by defendant's assertion of his having written a letter dated April 30, 1970, in reply to the notification statement from plaintiff dated April 21, 1970. "A question of credibility cannot be resolved on summary judgment. [Cits.]." *Columbia Drug Co. v. Cook,* 127 Ga. App. 490, 492 (194 SE2d 286).

4. "To prevail on motion for summary judgment, the movant has the burden to produce evidence which conclusively eliminates all material issues in the case." *Metropolitan Life Ins. Co. v. Forsyth,* 122 Ga. App. 463, 464 (177 SE2d 505). "In no sense does the Summary Judgment Act authorize the courts to sit as both judge and jury [Cits.]. On motion for summary judgment the court is not authorized to try and resolve issues of fact; the function of the court, and its only authorized function under this procedure, is to determine the existence of a genuine issue of material fact. [Cits.]." *Watkins v. Nationwide Ins. Co.,* 113 Ga. App. 801, 802 (149 SE2d 749). As there are issues of fact for determination, the trial judge did not err in denying summary judgment. *Atlanta Gas Light Co. v. Roberson,* 120 Ga. App. 361 (2) (170 SE2d 587); *Bleakley v. Roache,* 120 Ga. App. 575 (171 SE2d 578).

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*

ARGUED SEPTEMBER 17, 1973 — DECIDED DECEMBER 4, 1973.

*Arnall, Golden & Gregory, Michael C. Towers, Allen I. Hirsch,* for appellant.

*Moulton & Carriere, J. Wayne Moulton,* for appellee.