### 49122. JOHNSON et al. v. CLEVELAND.

CLARK, Judge.

Defendants Johnson and Sun Hill Development Corporation were sued jointly by Cleveland in a complaint alleging fraud with a claim for both actual and punitive damages. Defendants jointly filed their answer denying the allegations of the complaint. The record recites a jury was drawn to try the case and a verdict rendered in the full amount sought. A judgment was entered upon this verdict. Defendants then filed two motions, one being to set aside the judgment and the other asking for a new trial. The trial judge entered a single order denying both of defendants' motions. This

appeal followed.

1. The first enumeration of error asserts their new trial motion should have been granted because defendant had not received prior notice of the trial assignment pursuant to Code Ann. § 81A-140 (c). Although the new trial motion alleges this assertion there is no factual support in the record. The record in actuality is devoid of any evidence concerning either notification or lack of notification. "Error must appear from the record sent to this court by the clerk of the trial court. [Cits.] The burden is on the party alleging error to show it affirmatively by the record. [Cits.]" *Moye v. State,* 127 Ga. App. 338, 341 (193 SE2d 562). See also *Maloy v. Dixon,* 127 Ga. App. 151, 153 (1) (193 SE2d 19). In *Touchton v. Stewart,* 229 Ga. 303 (190 SE2d 912) a somewhat similar question was raised in the Supreme Court. There the appellant contended his complaint had been dismissed in the superior court without the required trial calendar notice having been sent. The Supreme Court declined to reverse on this issue of fact, pointing out that "there is a presumption in favor of the regularity and legality of all proceedings in the superior court. Code § 38-114; *Johnson v. State,* 27 Ga. App. 679, 681 (109 SE 526)." There, as here, the appeal record presented no factual basis to rebut the presumption of regularity and legality of the trial proceedings. See also *Jordan v. Plott,* 121 Ga. App. 727, 728 (1) (175 SE2d 148). Therefore, there is no merit in Enumerations 1 and 6.

2. Both in their motion for new trial and in their motion to set aside judgment, defendants seek to attack the sufficiency of plaintiff's complaint as to its allegations of fraud. They contend (1) the complaint alleged facts amounting to breach of contract rather than fraud, and (2) that even if the complaint be construed to be in tort for fraud that the allegations are in such general terms that there is a failure to meet the specific requirements of Code Ann. § 81A-109 (b). We find no merit in these contentions.

(a) "A motion for new trial must be predicated upon some extrinsic defect which does not appear upon the face of the record or pleadings." Code Ann. § 81A-160 (c). It is not proper, therefore, to contest the sufficiency of an

opponent's pleadings via motion for new trial. See also Ga. Prac. and Proc. § 22-1 (3d Ed.).

(b) Likewise, a motion to set aside is not a proper vehicle by which one may belatedly attack the sufficiency of a complaint unless it affirmatively shows the utter lack of a claim. "A motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings. To be subject to a motion to set aside, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but the pleadings must affirmatively show that no claim in fact existed." Code Ann. § 81A-160 (d). Sub judice, the complaint does not contain a nonamendable defect, nor does it show that no claim in fact existed. See *Golden Star v. Broyles Ins. Agency,* 118 Ga. App. 95 (162 SE2d 756).

(c) Even assuming that defendants may now attack the sufficiency of plaintiff's pleadings, nevertheless, the complaint would not fail. Plaintiff's petition alleged, inter alia, that plaintiff desired defendants to build a residence on described property owned by him; that defendant Johnson informed plaintiff he would have to transfer title to the defendant Sun Hill Development Corporation in order for the dwelling to be built; that plaintiff conveyed the property as requested and construction was begun; that prior to completion the house was destroyed by fire and defendants collected the insurance thereon; that defendant Sun Hill Development Corporation thereafter conveyed the property to a third party by warranty deed; that the representations made by defendants were false, were known to be false, and were made with the intention of defrauding plaintiff who relied on the representations, believed them to be true, and was consequently damaged in the amount of $5,000. Such allegations were sufficient to meet the requirements of Code Ann. § 81A-109 (b). "The circumstances must show that the defendant made the misrepresentations on which the action is founded knowing they were false, with the intention of deceiving the plaintiff, that the plaintiff did in fact rely on the representations and was deceived thereby, and suffered damage as a result." *Robinson v. A. Construction Co.,* 130

Ga. App. 56, 58 (202 SE2d 248). This the petition did.

3. As this action arose ex delicto, and not ex contractu as contended by defendants, it was not error to award plaintiff exemplary damages. Code Ann. § 105-2002; *King v. Towns,* 102 Ga. App. 895, 902 (3) (118 SE2d 121).

4. The remaining contention is that no claim existed against defendant Johnson individually as the documents attached to the complaint were not executed by him individually but as president of the defendant corporation. The fatal flaw in this argument is in the complaint's averments pleading that defendant Johnson as an individual participated in the alleged fraud and therefore was a joint tortfeasor. See *Robinson v. A. Construction Co.,* 130 Ga. App. 56, 59 (202 SE2d 248). Accordingly, the cases relied on by appellant holding no liability upon an agent who acts for a disclosed principal are not applicable.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED MARCH 4, 1974 — DECIDED APRIL 2, 1974.

*Young & McDaniel, Nicholas C. McDaniel,* for appellants.

*Ballard & Thigpen, George W. Griffith,* for appellee.