## 57527. MONTGOMERY et al. v. RITCHEY.

SHULMAN, Judge.

In June, 1978, appellant-patient and her husband instituted legal proceedings against appellee-physician for malpractice, seeking damages allegedly arising from back surgery performed by appellee on appellant-patient in July, 1974. The trial court granted summary judgment on the ground that the action was barred by the applicable statute of limitations (Code Ann. § 3-1102). The sole issue presented for consideration on appeal is whether appellants raised an issue as to circumstances tolling the statute and precluding summary judgment. We conclude that such circumstances do not appear and, accordingly, affirm the judgment.

A. By way of affidavit on motion for summary judgment, appellee has demonstrated the prima facie applicability of the bar of the statute of limitations. Appellants have elected not to amend their pleadings so as to set forth tolling circumstances. In so electing, appellants have assumed the burden of presenting evidence which would raise an issue as to the applicability of the statutory bar. *Houston v. Doe,* 136 Ga. App. 583 (3) (222 SE2d 131). Compare *Colvin v. Warren,* 44 Ga. App. 825 (2) (163 SE 268), and *Saffold v. Scarborough,* 91 Ga. App. 628 (2) (86 SE2d 649), where the pleadings set forth tolling circumstances.

B. By way of affidavits, appellants attempted to present evidence raising an issue as to fraud, which would toll the statute. See, e.g., *Piedmont Pharmacy, Inc. v. Patmore,* 144 Ga. App. 160 (240 SE2d 888); *Crawford v. McDonald,* 125 Ga. App. 289 (187 SE2d 542). Plaintiff-patient averred that defendant, through his assurances that the spinal fusion operation was

completely successful and that plaintiff's back pain was nothing to be concerned about, perpetrated a fraud which deterred the filing of suit at an earlier date. Plaintiff further averred that she received treatment from other physicians for her back pain but that it was not until September, 1977, when the back pain became so intense that she could not straighten her back, that she learned that the fusion was not solid. Other affidavits show that medical examinations in September and October of 1977 indicated that the fusion was not solid.

This evidence falls short of its purpose. Appellants have presented no competent evidence which would establish that defendant-physician's statements were not, in fact, true when made. No testimony appears which would raise an issue as to the success of the spinal fusion in 1974. Evidence that the fusion was not solid in 1977 will not support an inference that the fusion was not solid following the 1974 surgery. See in this regard *McCluskey v. American Oil Co.,* 224 Ga. 253 (2) (161 SE2d 271); *Professional Bldg., Inc. v. Reagen,* 129 Ga. App. 183, 185 (199 SE2d 266).

As appellants failed to present evidence of a misrepresentation on the part of the physician which would toll the statute of limitations, and as the uncontradicted evidence shows that the statute had run, summary judgment was proper. *Houston v. Doe,* supra. As to tolling circumstances, cf. *Silvertooth v. Shallenberger,* 49 Ga. App. 133 (1) (174 SE 365), overruled on other grounds *Parker v. Vaughan,* 124 Ga. App. 300 (183 SE2d 605). Compare *Saffold v. Scarborough,* supra.

*Judgment affirmed. Deen, C. J., and McMurray, P. J., concur.*

SUBMITTED APRIL 3, 1979 — DECIDED SEPTEMBER 4, 1979.

*Joseph M. Todd,* for appellants.
*Robert G. Tanner,* for appellee.