71702. LYNCH v. WATERS.
(345 SE2d 867)

POPE, Judge.

Appellee, Mrs. Suzanne Waters, filed this medical malpractice action on July 10, 1984 against her obstetrician, James D. Smith, and appellant general surgeon, Lawrence J. Lynch, Jr. Appellee alleged

that Smith and appellant Lynch negligently failed to diagnose her breast cancer which resulted in the removal of her right breast in August 1982. Following limited discovery appellant Lynch filed a motion for partial summary judgment on the ground that the statute of limitation had run with regard to appellee's claims of negligence alleged to have occurred during office visits of May 16, 1979; July 13, 1979; February 13, 1980 and April 7, 1982. Appellee then amended her complaint to allege fraud which she asserted tolled the running of the statute of limitation. We granted this interlocutory appeal to review the trial court's denial of appellant's summary judgment motion.

The evidence of record shows that on April 27, 1979 appellee consulted with Smith in his office regarding a swollen area in her right breast. Smith examined appellee and determined that the swollen area probably represented a gland. Upon a return visit on May 11, 1979, with the swollen area still present, Smith recommended that appellee see a general surgeon for follow-up care of this condition. Appellee was seen by appellant Lynch on May 16, 1979 in his office. Lynch obtained a history from appellee and examined her right breast during that visit. Lynch continued to follow appellee on July 13, 1979; February 13, 1980; April 7, 1982 and August 17, 1982, physically examining appellee's breast on each visit, and noting that there was no change in the feel or appearance of her breast. Following each visit appellee was instructed to return immediately if she noted any change in her breast, otherwise she was to return in six months.

On the August 17, 1982 visit appellee reported a burning sensation and stated that the nodule in her right breast was bothering her and that she wanted to have it removed. Lynch agreed to remove the nodule and on that same day performed an excision biopsy. On August 20, 1981 it was determined that the mass removed from appellee's right breast was malignant. On August 23, 1982 Lynch performed a modified radical mastectomy in order to remove the cancer from appellee's breast.

During the three years that appellee consulted appellant Lynch specifically regarding the lump in her breast and until the biopsy was performed in August 1982, appellant performed no diagnostic tests, biopsies, mammograms, or other tests other than visual observation and physical touching of the lump. At no time did appellant warn appellee of the possible consequences of any delay in performing any other diagnostic tests, disclose any medical alternatives to appellee, or refer her to any other physician for an examination. In her affidavit opposing the motion for summary judgment, appellee averred that both Smith and appellant Lynch repeatedly assured her that all possible actions were being taken to insure her good health. She stated that she questioned both physicians diligently and both of them repeatedly assured her that there was nothing to worry about. She fur-

ther stated that she trusted her physicians' expertise and believed and relied upon what they said. Consequently, she did not seek any other medical advice but continued to see both doctors regularly. She also examined herself regularly and kept all appointments with both physicians. Both Smith and appellant Lynch admit in their answers to a physician/patient relationship with appellee.

The evidence of record consists solely of the parties' responses to interrogatories and appellee's affidavit opposing appellant's motion for summary judgment. The pleadings are not verified. Appellant apparently based his summary judgment motion upon the pleadings, which show that appellee's visits to his office prior to August 1982 occurred more than two years prior to the filing of this suit (thus arguably barred by the two-year statute of limitation of OCGA § 9-3-71), and upon his answer to the complaint in which he asserted that in his care and treatment of appellee he "exercised the degree of care and skill that is generally employed by surgeons under similar circumstances."

In her amended complaint, appellee asserts that appellant assured her "that everything possible and necessary was being done for her and that no other tests or consultations were necessary"; that in reliance on these representations she refrained from further inquiries, which resulted in her not discovering her condition until August 20, 1982; and that appellant "knew or should have known that a malignancy was possible and that proper tests, surgery or other preventative action was necessary to avoid injury to [appellee]." We view these allegations in the complaint (which are also supported by appellee's affidavit) as sufficient to raise the issue of fraud such as tolls the statute of limitation. Accord *Sutlive v. Hackney,* 164 Ga. App. 740 (297 SE2d 515) (1982). Compare *Edmonds v. Bates,* 178 Ga. App. 69 (342 SE2d 476) (1986); *Johnson v. Gamwell,* 165 Ga. App. 425 (301 SE2d 492) (1983); and *Montgomery v. Ritchey,* 151 Ga. App. 66 (A) (258 SE2d 733) (1979), wherein the pleadings did not set forth any tolling circumstances. See also *Johnson v. Cleveland,* 131 Ga. App. 560 (2c) (206 SE2d 704) (1974).

We view the very recent case of *Gillis v. Palmer,* 178 Ga. App. 608 (2) (344 SE2d 446) (1986), relied upon by the dissent, as distinguishable from the case at bar. The only evidence of fraud in that case was Mr. Gillis' testimony that the defendant doctor told him during his treatment that "there was no problem." However, this court noted that at least as early as ten days following the alleged negligent act, Mr. Gillis was aware of facts relating to his condition which were sufficient to require that he exercise ordinary care and diligence. The court held that there was nothing in the record to suggest that Mr. Gillis was prevented from learning of the alleged negligence or from discovering the alleged fraud within days of its occur-

rence. Likewise, the case of *Bray v. Dixon*, 176 Ga. App. 895 (338 SE2d 872) (1985), is distinguishable as there was no conduct shown on the part of the defendant doctor which would have precluded plaintiffs from learning of the alleged negligence in a timely manner. The doctor's alleged failure to disclose that certain medical treatment had not been performed was insufficient, in and of itself, to toll the running of the statute of limitation where plaintiffs learned of this nondisclosure in time to have brought their action within the time provided by the statute. In the case at bar appellee testified that appellant and Smith, in response to her numerous inquiries as to other actions which might be taken to insure her good health, repeatedly assured her that no other tests or consultations were necessary. She had initially sought medical attention for lumps in her breast and, unlike the plaintiffs in *Gillis* and *Bray*, had no change in her condition which would have provided a basis for suspecting her doctors' negligence prior to the change in her condition which resulted in the diagnosis and removal of her cancerous breast.

" 'To prevail on motion for summary judgment, the movant has the burden to produce evidence which conclusively eliminates all material issues in the case.' [Cit.]" *Kohlmeyer & Co. v. Bowen*, 130 Ga. App. 386, 387 (203 SE2d 630) (1973). "The movant has that burden even as to issues upon which the opposing party would have the trial burden. . . ." *Ham v. Ham*, 230 Ga. 43, 45 (195 SE2d 429) (1973). In the case at bar appellant has elected to produce no evidence whatsoever in support of his motion, relying instead upon the pleadings. Although appellant has to some extent contradicted appellee's allegations of fraud, he has in no way pierced appellee's pleadings, nor countered her evidence, in this regard. That is, appellant has failed to "establish without contradiction that [appellee] is not entitled to recover. . . ." *Seligman & Latz v. Grant*, 116 Ga. App. 539, 540 (158 SE2d 483) (1967). Accord *Lockhart v. Walker*, 124 Ga. App. 241 (183 SE2d 503) (1971). It thus was not error for the trial court to deny appellant's motion for summary judgment. Accord *Avco Fin. Svcs. Leasing Co. v. Mullins*, 152 Ga. App. 120 (262 SE2d 266) (1979). Cf. *Lorentzson v. Rowell*, 171 Ga. App. 821 (321 SE2d 341) (1984); *Leagan v. Levine*, 158 Ga. App. 293 (1) (279 SE2d 741) (1981). Compare *Wade v. Thomasville Orthopedic Clinic*, 167 Ga. App. 278 (2) (306 SE2d 366) (1983), wherein the plaintiff's allegation of fraud was unsupported by the record.

*Judgment affirmed. Banke, C. J., McMurray, P. J., Birdsong, P. J., and Benham, J., concur. Deen, P. J., Carley, Sognier, and Beasley, JJ., dissent.*

CARLEY, Judge, dissenting.

Because I believe that the decisions of this court constituting

binding precedent mandate a finding that partial summary judgment should have been granted to appellant, I must respectfully dissent.

Although there is no assertion that the bar of the statute of limitations applies to claims based upon negligence occurring on or after July 11, 1982, the statute had clearly run with regard to claims of negligence based upon action or inaction of appellant doctor in connection with the following office visits: May 16, 1979; July 13, 1979; February 13, 1980; and April 7, 1982. The appellee and the majority concede that all claims based upon conduct occurring from the inception of the doctor-patient relationship to and through July 10, 1982, are barred *unless* the running of the statute is tolled by fraud.

The crux of the entire majority opinion finding sufficient allegations of fraud which are unpierced by appellant is contained in the majority opinion as follows: "In her amended complaint, appellee asserts that appellant assured her 'that everything possible and necessary was being done for her and that no other tests or consultations were necessary'; that in reliance on these representations she refrained from further inquiries, which resulted in her not discovering her condition until August 20, 1982; and that appellant 'knew or should have known that a malignancy was possible and that proper tests, surgery or other preventative action was necessary to avoid injury to [appellee].' We view these allegations in the complaint (which are also supported by appellee's affidavit) as sufficient to raise the issue of fraud such as tolls the statute of limitation." (Majority Opinion, page 224.) Because what the majority has quoted is the only matter of record which could possibly prevent partial summary judgment and because I believe that it is totally insufficient to toll the statute of limitations, I am convinced that the trial court erred in failing to grant appellant's motion for partial summary judgment. That which appellee has set forth in the averments of her recast complaint and that which is sworn to in her affidavit constitute a mere rephrasing of her claim that the appellant failed to exercise that degree of care and skill generally employed by physicians under similar circumstance. Such allegations are sufficient to place in issue the question of medical negligence vel non but are "insufficient to establish fraud which will toll the statute." *Bray v. Dixon*, 176 Ga. App. 895, 897 (338 SE2d 872) (1985). The facts in this case are remarkably similar to, and the result herein is controlled by, our recent whole court decision of *Gillis v. Palmer*, 178 Ga. App. 608 (344 SE2d 446) (1986). For the reasons set forth in *Gillis*, *Sutlive v. Hackney*, 164 Ga. App. 740 (297 SE2d 515) (1982) relied upon by the majority is as inapposite to this case as it was in *Gillis*. All claims of plaintiff based upon alleged medical negligence occurring on or before July 10, 1982, are barred by the statute of limitations. *Gillis v. Palmer*, supra; *Edmonds v. Bates*, 178 Ga. App. 69 (342 SE2d 476) (1986); *Bray v. Dixon*, supra; *Shved v. Daly*,

174 Ga. App. 209 (329 SE2d 536) (1985); *Johnson v. Gamwell*, 165 Ga. App. 425 (301 SE2d 492) (1983). I would reverse the judgment of the trial court.

I am authorized to state that Presiding Judge Deen, Judge Sognier and Judge Beasley join in this dissent.

DECIDED APRIL 30, 1986 —
REHEARING DENIED MAY 28, 1986 —

*Thomas A. Withers*, for appellant.
*Ralph B. Loberbaum, William H. Pinson*, for appellee.
*Alton D. Kitchings, Manley F. Brown, James D. Hudson, Gregory C. Sowell, Gary C. Christy, Joy H. Fisher*, amici curiae.