## A00A0906. SAPP et al. v. COSHATT.
### (538 SE2d 193)

PHIPPS, Judge.

Billy Coshatt filed a legal malpractice action against Gregory Sapp and the law firm of Calhoun & Associates. Defendants filed a motion to dismiss under OCGA § 9-11-12 (b) (6) for failure to state a claim upon which relief may be granted. The trial court denied the motion but certified the matter for immediate review. We granted the application for interlocutory appeal and affirm.

Taking Coshatt's allegations as true, as is required when reviewing an order on a motion to dismiss for failure to state a claim under OCGA § 9-11-12 (b) (6),[1] the facts are as follows. In March 1997, Coshatt was injured at work. He contacted Sapp, an attorney with Calhoun & Associates, in August 1997 about a potential workers' compensation claim. Sapp never filed a workers' compensation claim for Coshatt; in fact, no workers' compensation claim has ever been filed.

On July 30, 1999, Coshatt filed the malpractice action based on Sapp and Calhoun & Associates' failure to file a workers' compensa-

---

[1] *Lathem v. Hestley,* 270 Ga. 849-850 (514 SE2d 440) (1999).

tion claim on his behalf prior to the expiration of the applicable one-year statute of limitation.[2] Sapp and Calhoun & Associates responded with a motion to dismiss, contending that Coshatt's action was premature because his workers' compensation claim had not been adjudicated as barred by the statute of limitation.

Relying on *Harrison v. Beckham*[3] and *Plumlee v. Davis*,[4] the trial court denied the motion to dismiss, finding that "[t]he statute of limitation on [Coshatt's] claim for legal malpractice began to run when the statute of limitation on his original claim expired without suit being filed against [his employer]." Sapp and Calhoun & Associates appeal, claiming that Coshatt's action against them is premature because his workers' compensation claim is not barred by the statute of limitation until he actually files a claim, the statute of limitation is asserted as a defense and the claim is judicially determined to be untimely.

Sapp and Calhoun & Associates rely on *Wood v. Anderson*[5] to support their position. The *Wood* case involved a suit by an injured plaintiff against her attorney in which she claimed that the attorney, who filed suit on her behalf two years and one day from the date of the injury, had failed to prosecute her personal injury claim against her dentist within the statute of limitation. One of the issues in *Wood* was whether the applicable two-year statute of limitation had expired. We found that the trial court properly directed a verdict for the attorney because there was no evidence that the plaintiff's suit had been barred by the statute of limitation.[6] We noted the possibility of fraud or concealment tolling the statute of limitation as well as the possibility that the defendant would not raise the issue.[7] We also noted the lack of evidence regarding the final disposition of the plaintiff's suit against her dentist and the fact that the suit may have been filed within the statute of limitation.[8]

We find the *Wood* case distinguishable. At this time, more than three years after the injury, no workers' compensation claim has been filed. According to Coshatt, none of the exceptions to the one-year statute of limitation for his workers' compensation claim[9] is applicable, and no basis exists upon which to toll the running of the statute. Presumably based on those factors, the trial court found that the statute of limitation on Coshatt's underlying claim had expired

---

[2] OCGA § 34-9-82 (a).
[3] 238 Ga. App. 199, 200 (1) (518 SE2d 435) (1999).
[4] 221 Ga. App. 848, 851 (1) (473 SE2d 510) (1996).
[5] 60 Ga. App. 262 (3 SE2d 788) (1939).
[6] Id. at 266.
[7] Id. at 266-267.
[8] Id.
[9] OCGA § 34-9-82 (a).

without suit being filed against Coshatt's employer. The remote possibility that Coshatt's employer would fail to raise the statute of limitation as a defense does not justify putting Coshatt to the trouble and expense of bringing a time-barred suit against his employer as a precondition to maintaining the malpractice action.[10] We therefore affirm the trial court's denial of the motion to dismiss filed by Sapp and Calhoun & Associates.

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 15, 2000.

*Ellis, Painter, Ratterree & Bart, Ryburn C. Ratterree, Tracy O'Connell,* for appellants.

*Smith & Jenkins, Wilson R. Smith, Robert L. Jenkins,* for appellee.

---

[10] See *Roberts v. Heilgeist,* 124 Ill. App.3d 1082 (465 NE2d 658, 661) (1984) (requiring a plaintiff to sue a tortfeasor before bringing a legal malpractice action, to determine if the statute of limitation defense would be raised, would impose a useless burden on a plaintiff); *Walker v. Porter,* 118 Cal. Rptr. 468, 470, n. 1 (1974) (plaintiff not required to show that she brought underlying action and that statute of limitation defense was raised when she learned of her attorney's failure to sue on her behalf); *Fuschetti v. Bierman,* 128 N.J. Super. 290 (319 A2d 781, 784) (1974) (once plaintiff has shown that her attorney allowed statute to run against her underlying claim, the attorney must come forward with evidence that the statute would not be a bar); see also *Oyefodun v. Spears,* 591 S2d 1333, 1334 (La. App. 1991) (legal malpractice action not premature where underlying suit not brought within 90 days as required by statute).