**JIFFY FOODS CORPORATION,**
**Plaintiff,**

v.

**HARTFORD ACCIDENT AND INDEM-NITY, a corporation, Defendant and Third-Party Plaintiff,**

v.

**Jack WAGNER et al., Third-Party Defendants.**

**Civ. A. No. 69–1386.**

United States District Court, W. D. Pennsylvania.

Sept. 14, 1971.

---

Berkman, Ruslander, Pohl, Lieber & Engel, Pittsburgh, Pa., for plaintiff.

Kirkpatrick, Lockhart, Johnson & Hutchison, Pittsburgh, Pa., for Hartford Accident and Indemnity.

Dickie, McCamey & Chilcote, Pittsburgh, Pa., for Jack Wagner.

## MEMORANDUM

McCUNE, District Judge.

The instant litigation involves a suit on an insurance contract by an insured (Jiffy Foods, Inc.) against its insurance carrier (Hartford Accident) with the carrier suing its agent (Wagner) for breach of the agent's contract. Hartford's contention is that if it is liable to Jiffy, Wagner is liable to Hartford for a like amount. The contention presently before us relates to the allowable method of proof of damages in the action between Hartford and Wagner.

We will state the facts briefly. On June 5, 1967, a truck owned by Jiffy was involved in an accident in the State of Ohio. The operator of the other vehicle, one Howard, was killed. Howard's estate brought suit against Jiffy in the Federal District Court in Cleveland. Hartford was Jiffy's insurance carrier and under its contract defended the action.

At that point a dispute arose between Jiffy and Hartford with regard to the limits of coverage. Hartford contended that it was obligated only to $200,000.00. Jiffy argued that coverage had been increased before the accident to $500,000.-00 and that this increase had been effected through Hartford's agent, Wagner.

Because of this dispute and in order to allow settlement Jiffy and Hartford agreed that Hartford would contribute its $200,000.00 and Jiffy would supply up to $250,000.00 additional without being deemed a volunteer. The Howard litigation ultimately was settled for $400,000.00, Jiffy and Hartford each paying $200,000.00. The instant litigation followed. Jiffy seeks to recover its $200,000.00 contribution from Hartford. Hartford maintains that if the coverage was increased, Wagner exceeded its authority in doing so.

In dealing with the present issue we presume Hartford's liability to Jiffy and Wagner's liability to Hartford. To prove damages against Wagner, Hartford contends that it need only present expert testimony with regard to the reasonableness of the *Howard* settlement. Wagner's position is that experts cannot be called on this issue and that what must be done is to have the entire *Howard* law suit tried to the jury, i. e., a trial within a trial. Counsel for Wagner in effect contends that the only relevant evidence of the reasonableness of the settlement is a special jury verdict as to liability between Jiffy and the Howard estate and the amount thereof. Wagner apparently contends that if the jury found Jiffy not liable to the Howard estate or liable for $200,000.00 or less, then Hartford could recover nothing. If the jury returned a verdict of more than $200,000.00, then Wagner's liability would equal the amount that the verdict exceeded $200,000.00 up to a maximum of $200,000.00.

▪ The issue we must resolve is this: may the third party plaintiff, Hartford, offer proof of the reasonable-

ness of the settlement agreement in the *Howard* case by expert testimony, or is it necessary to in fact present the facts of the *Howard* case to a jury for its determination of liability and the amount thereof.

We conclude that what confronts us is a question of the reasonableness of a business decision. What a particular jury in fact would decide as to the liability of Jiffy to *Howard* or the amount of damages is not particularly material. We are concerned with the soundness of a business judgment to settle particular litigation for a given amount. Such a decision properly requires consideration of available factual information, an understanding of the applicable law, and knowledge of jury verdicts in the forum in which the action is to be tried. These are the tools which the litigator must employ in evaluating any given case. He must determine the reasonable value of the case in view of the risks of litigation. An attorney may decide to settle a case that could have been won, but the fact that it might have been won does not automatically make his settlement unreasonable. Litigation is a complex business requiring the attention of specialists. The reasonableness of what such specialists do in a given case is the type of technical matter in which the lay jury can be helped by the opinions of experts, for we are dealing with a question not of what a reasonably prudent man would do, but what a reasonable prudent attorney would do.

We conclude that evidence of the reasonableness of a $400,000.00 settlement in a wrongful death action pending in the Federal District Court of Cleveland, Ohio, in 1968 is properly presentable by the testimony of qualified experts.

We recognize that this is an advisory opinion made necessary, we believe, by a dispute arising out of pretrial. It is based upon what we were able to learn at pretrial. In the event the facts at trial turn out to be different, the opinion we now state may become invalid. To refuse to rule will require Hartford to prepare both expert testimony and all

of the witnesses required to try the Cleveland case so that it may proceed either way at trial depending on our ruling then.

 We think that under Rule 16(6) we have discretion to make advisory rulings.