128 N.J. Super. 290 (1974)
319 A.2d 781
SHARON FUSCHETTI, PLAINTIFF,
v.
DONALD I. BIERMAN, DEFENDANT.
Superior Court of New Jersey, Law Division.
April 30, 1974.
*292 Mr. John M. Blume for plaintiff (Messrs. Blume, Kalb & Weiseman, attorneys).
Mr. Richard J. Sauerwein for defendant.
BRODY, J.J.D.R.C., Temporarily Assigned.
When this legal malpractice action was assigned for trial several weeks ago, counsel appeared and orally made various motions that *293 must be decided before trial. Today is the adjourned trial date and the return day of the motions.
On August 28, 1964 plaintiff slipped and fell as she was leaving the General Motors Futurama exhibit at the New York World's Fair. The following month she consulted defendant, then an attorney-at-law of New Jersey, to have him represent her in making a claim for personal injuries arising out of the accident.
Plaintiff contends that from this interview defendant led her to believe that he would "handle" her matter, with the likelihood of his having to engage New York counsel to process suit. She further contends that for six years thereafter she telephoned defendant on an average of two or three times a year, inquiring into the progress of the case and that on each occasion he assured her that it was moving slowly toward trial in New York. In the fall of 1970 plaintiff consulted another attorney, who learned from the defendant that no case had been instituted. Defendant claimed to have advised plaintiff by letter dated August 16, 1965 that she should engage New York counsel and that he would do nothing more on her behalf. Plaintiff denies having received the letter and the authenticity of defendant's file copy is in question.
The applicable New York statute of limitations barred plaintiff's personal injury action on August 28, 1967, three years after the date of the accident. The present action was commenced March 31, 1971.
The following questions need to be resolved at this time: (1) Is the present action barred by the New Jersey statute of limitations? (2) Since the statute of limitations is an affirmative defense in New York, may plaintiff bring the present action without having first failed in her attempt to bring the personal injury action? (3) Assuming the issues to be tried include defendant's neglect and the lost value of plaintiff's personal injury action, should the trial be bifurcated? (4) In considering the lost value of plaintiff's personal injury action, should the jury decide the case as a *294 matter of first impression or should it determine what a New York jury would have decided if timely suit had been instituted? (5) If the issue is what a New York jury would have done, may plaintiff adduce expert testimony of New York settlement value and verdict value? (6) Is the fact of defendant's disbarment, subsequent to the events of this case and for reasons unrelated to this case, admissible to affect his credibility?
Counsel have stipulated that the present action would not be barred if the applicable statute of limitations is N.J.S.A. 2A:14-1 (the six-year statute), but would be barred subject to a discovery hearing if the applicable statute is N.J.S.A. 2A:14-2 (the two-year statute). The latter statute applies to "every action at law for an injury to the person caused by the wrongful act, neglect or default of any person * * *." The former statute applies to any other "tortious injury to the rights of another * * * or for recovery upon a contractual claim or liability * * *." There is no statute explicitly covering malpractice actions.
In the absence of an explicit indication of special meaning, the words of a statute are to be given their ordinary and well-understood meaning. Fahey v. Jersey City, 52 N.J. 103, 107 (1968). By its language the two-year statute applies only where defendant is charged with having "caused" plaintiff an injury to the person. Such is not the case here where defendant is charged with having caused plaintiff the loss of recovery from an action which happens to be for a personal injury. Hillhouse v. McDowell, 219 Tenn. 362, 410 S.W.2d 162 (Sup. Ct. 1966); O'Neill v. Gray, 30 F.2d 776 (2 Cir.1929). Cf. McLellan v. Fuller, 226 Mass. 374, 115 N.E. 481, 482 (Sup. Jud. Ct. 1917). The present action comes under N.J.S.A. 2A:14-1 and is therefore not barred
Defendant contends that since the defense of the statute of limitations must be affirmatively pleaded in New York, the present action may not be heard until the personal *295 injury action is brought and dismissed as barred by the statute, citing Wood v. Anderson, 60 Ga. App. 262, 3 S.E.2d 788 (Ct. App. 1939). That case held that a legal malpractice action was premature where defendant attorney was charged with having commenced plaintiff's malpractice action against a dentist one day after the statute had run. The holding was based upon the court's finding that the discovery rule would likely be applied in the medical malpractice action so as to relieve plaintiff from the bar. There is no such showing in this case. The failure of an attorney to commence an action within the time of the statute would ordinarily be considered neglect. Cf. Palm Beach Mercantile Co. v. Ivers, 2 N.J. Super. 5, 10 (App. Div. 1949). Once plaintiff has shown that defendant allowed the statute to run against her claim, defendant should have the burden of coming forward with evidence that the statute would not be a bar. Drury v. Butler, 171 Mass. 171, 50 N.E. 527, 529 (Sup. Jud. Ct. 1898).
Except for the last question, the remaining questions go to the structure of the trial. Basically, two issues are to be tried: defendant's neglect and an evaluation of plaintiff's loss should the first issue be determined in her favor. The first issue essentially resolves itself into whether defendant seasonably informed plaintiff that he was no longer representing her. The second issue requires a determination of the recovery, if any, plaintiff would have had if the personal injury action had been instituted in New York[1] within time.
Plaintiff looks to a "trial-within-a-trial," with defendant defending himself as to his own neglect and standing in the shoes of the personal injury defendants as to their neglect. *296 Christy v. Saliterman, 288 Minn. 144, 179 N.W.2d 288 (Sup. Ct. 1970); Better Homes, Inc. v. Rodgers, 195 F. Supp. 93 (D.W. Va. 1961); 45 A.L.R.2d 62, 65. She contends that the personal injury recovery must be determined in light of what a New York jury would have done, thereby rendering admissible expert testimony of New York verdict value as a factor to be considered along with factual evidence of her claim. Beyond that, plaintiff contends that she lost the potential of settlement, so that expert testimony of reasonable New York settlement value should be admitted.
Defendant also looks to a "trial-within-a-trial" but he would have it bifurcated between the issues of liability and damages, in keeping with the established policy of this county in personal injury actions. He objects to the admissibility of expert testimony as to New York settlement and verdict value as "irrelevant" and without legal precedent.
There appears to be no authority explicitly dealing with these questions. Plaintiff cites Jiffy Foods Corp. v. Hartford Acc. and Indem. Co., 331 F. Supp. 159 (D. Pa. 1971), and Central Cab. Co. v. Clarke, 259 Md. 542, 270 A.2d 662 (Ct. App. 1970), to sustain the admissibility of expert testimony as to reasonable settlement value. But in those cases the issue being tried was whether a previously concluded settlement was reasonable. The present case poses the more speculative questions of whether a settlement would have occurred, and if so, whether it would have fallen within an expert's range of reasonable settlement value. Because no expert can suppose with any degree of reasonable certainty the private blends of hopes and fears that might have come together to produce a settlement before or during trial, expert testimony as to reasonable settlement value will be excluded as irrelevant. Evid. R. 1 (2). To the extent that such testimony might have probative value in terms of supporting factual evidence, it will be excluded because such probative value would be substantially outweighed by the risk that its admission will necessitate undue consumption of *297 time and create substantial danger of confusing the issues. Evid. R. 4.
An expert's opinion as to New York verdict value might be less speculative assuming the expert knows everything that would have been before the New York jury and also knows the inclinations of such juries whenever and wherever the case might have been heard. To the extent such an opinion would be probative, establishing the supporting factual evidence would likewise be so time-consuming and confusing that it must be excluded. Evid. R. 4. While, in theory, the present jury should determine what an earlier jury would have done, as a practical matter the trial cannot be so conducted. All issues touching upon plaintiff's personal injury action will be submitted to the jury as matters of first impression.
R. 4:38-2 gives this court authority to try separately any "issue" for the convenience of the parties or to avoid prejudice, and on its own motion to sever the trial of liability from damage claims when the "trial of all issues as to liability and damages may be complex and confusing * * *." The court finds that a single trial of all issues would be complex and confusing. The issue of defendant's alleged neglect will therefore be tried first, leaving for later trial, if necessary, plaintiff's personal injury action, including the issues of liability and damages. This arrangement, moreover, has the merit of recapturing to some extent plaintiff's lost settlement opportunity: in the event defendant is held liable in the first trial, then for settlement purposes plaintiff will face him as she would have faced the personal injury defendants both before and during the trial of the personal injury action.
Plaintiff objects that bifurcation would be prejudicial in that the second jury, not knowing of defendant's alleged failure to investigate the accident properly before the Futurama building was destroyed, might look for a greater quantum of evidence on the issue of liability than she can produce. Cf. Interchemical Corp. v. Uncas Printing & Fin. Co., Inc., 39 N.J. Super. 318, 329 (App. Div. 1956). The *298 second jury should arguably also have the background and flavor of the first trial to understand why defendant is standing-in for the personal injury defendants.[2]
In view of these considerations the two trials will be heard by the same jury "back-to-back," with a hiatus of no more than one day.
Finally, it is necessary to determine whether the fact of defendant's disbarment is admissible to affect his credibility. Defendant's counsel represents that the defendant will testify and that this issue must now be resolved as it will affect the jury selection voir dire.
For the purpose of attacking credibility it may be shown on cross-examination that a witness is a disbarred attorney. State v. Pearson, 39 N.J. Super. 50, 60 (App. Div. 1956). In that case a disbarred attorney was the defendant in a criminal proceeding involving a charge of dishonesty; the court held that at least under those circumstances the fact of his disbarment is admissible on the issue of veracity. Defendant argues that a different rule should obtain in a civil action, and in any event the rule should be reconsidered in light of our after-adopted Rules of Evidence.
Evid. R. 20 provides that extrinsic evidence relevant upon the issue of a witness' credibility may be received. If evidence of the fact of disbarment is admissible in a criminal action, a fortiori it would be admissible in a civil action where defendant's liberty is not at stake. The admissibility of such evidence would not be so prejudicial as to outweigh its probative value. Evid. R. 4. The cause for defendant's disbarment involved charges bearing upon his veracity. In re Bierman, 62 N.J. 91 (1973). Also, to render the fact of disbarment inadmissible would allow the *299 jury to have the wrong impression that defendant is presently an attorney and as such likely to be worthy of belief. See In re Thorman's Estate, 162 Iowa 237, 144 N.W. 7, 9 (Sup. Ct. 1913).
NOTES
[1] Both counsel agree that the forum for the personal injury action would have been New York since the New York World's Fair Corp., a likely defendant with General Motors Corp., was not then considered amenable to process in New Jersey. But see, Schaffer v. Granit Hotel, Inc., 110 N.J. Super. 1 (App. Div. 1970).
[2] The jury in the second trial, but for a stipulation in the present case, would ordinarily also have to pass on the solvency of the personal injury defendants. Lawson v. Sigfrid, 83 Colo. 116, 262 P. 1018 (Sup. Ct. 1927); Jones v. Wright, 19 Ga. App. 242, 91 S.E. 265 (Ct. App. 1917).