NATIONAL UNION FIRE INSURANCE COMPANY, Individually and as Subrogee of Schneider National Carrier Insurance, Plaintiff,

v.

DOWD & DOWD, P.C., Patrick C. Dowd Robert J. Golden, Jeffrey E. Kehl, and Patrick J. Ruberry, Defendants.

No. 97 C 6200.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 14, 1999.

Wanda Elaine Jones, Cappas & Jones, Erica M. Lewis, Bullaro & Carton, Chartered, Chicago, IL, Raymond R. Pesavento, Chicago, IL, William G. Stone, Stone & Moore, Chicago, IL, for Plaintiff.

Gary A. Grasso, Ungaretti & Harris, Chicago, IL, Cornelia Honchar, Chicago, IL, Shawn Yukio Valukas, Chicago, IL, for Defendants.

John J, Conway, Sullivan & Hinks, Oak Brook, IL, for Intervenor.

*MEMORANDUM OPINION AND ORDER*

ASPEN, Chief Judge.

Legal malpractice defendants Dowd & Dowd, P.C. and several of Dowd's individual attorneys (hereinafter, collectively "Dowd"), have moved to bifurcate the damages and liability portions of their upcoming trial for malpractice. Plaintiff National Union Fire Insurance Company has accused Dowd of at least twelve instances of negligence in connection with Dowd's representation of one of National Union's insureds who was the defendant in a personal injury trial that resulted in a jury verdict against National Union's interest for $8 million. In its motion to bifurcate, Dowd asks that the parties try the issue of damages first, and then conduct a

separate, second trial regarding the issue of malpractice liability. National Union opposes the motion.

Although not clearly articulated in its briefs, Dowd apparently supports bifurcation only if the damages portion of the case will be tried first. That is, Dowd wishes to have the parties retry the entire underlying personal injury case—in which Dowd is accused to have made serious errors—with Dowd now representing the interests of the underlying plaintiff and National Union again defending the case, this time with attorneys who will avoid the mistakes made by Dowd. If the jury again finds National Union liable for about $8 million, Dowd contends that this will be proof that its alleged errors did not damage National Union, and thus, Dowd cannot be liable for malpractice.[1] If the jury returns a much smaller verdict against National Union, the parties would then participate in a liability trial, with National Union arguing that Dowd's errors rise to the level of malpractice—as proved by the differing verdicts—and Dowd arguing that despite the difference in verdicts, its actions were not malpractice, but rather sound strategical choices with unfortunate results.

Although we have discretion to bifurcate issues for trial when it will further convenience or avoid prejudice, or when separate trials will be conducive to expedition and economy, FED. R. CIV. P. 42(b), we do not believe bifurcation is appropriate in this case. And even if we were to bifurcate this trial, we do not believe that either legal precedent or questions of fairness weigh in favor of trying the damages portion of this case first. Most of the cases we have found regarding bifurcation of legal malpractice trials advocate trying the liability case first, *i.e.,* letting the jury decide first if the attorney's actions breached the standard of care. Only if the jury finds the attorney committed malpractice does the second trial take place, with the jury deciding the damages attributable to the attorney's negligence. *See, e.g., Cook v. Continental Casualty Co.,* 180 Wis.2d 237, 509 N.W.2d 100, 105 (Ct.App.1993); *Fuschetti v.*

*Bierman,* 128 N.J.Super. 290, 319 A.2d 781, 784 (1974).

In those bifurcated legal malpractice cases in which the underlying action was tried first, the malpractice plaintiff had also been the plaintiff in the underlying case, and the alleged act of malpractice was that the accused attorney had missed a statute of limitations or had otherwise failed to prosecute the case, preventing it from ever being tried. Thus, in order to determine if the attorney's error caused any damages, the court had to determine first if the underlying action had merit. If the plaintiff could not have recovered in the underlying suit, it suffered no damages from its attorney's error. And the question of whether the underlying suit had merit was not affected by the attorney's alleged malpractice for failing to prosecute. *See Graefe v. Connolly,* No. 82 C 1818, 1987 WL 4854 (N.D.Ill. May 15, 1987) (bifurcating legal malpractice trial and ordering underlying action to be tried first to determine if underlying plaintiff could have collected from underlying defendant); *Overbey v. Jones,* No. 92–1078–K, 1992 WL 223852 (D.Kan. Aug. 25, 1992) (allowing merits of *never filed* medical malpractice claim to be tried prior to issue of liability for legal malpractice).

In the instant case, however, the issues of liability and damages are closely intertwined. We are not concerned about whether the underlying case has merit because it is not the underlying plaintiff who is suing for malpractice here—National Union was the putative defendant in the underlying case. Instead, we are concerned whether National Union would still have been found liable for $8 million in damages if Dowd had not made the errors it is charged to have made. Here, Dowd's actions are alleged to have directly affected the strength, strategy and outcome of the personal injury trial. We cannot neatly separate damages from liability, as the courts were able to do in *Connolly* and *Overbey.*

The Illinois cases we have found support this result. In *Nika v. Danz,* 199 Ill.App.3d 296, 145 Ill.Dec. 255, 556 N.E.2d 873, 882

---

**1.** The elements of a legal malpractice action are: 1) existence of an attorney-client relationship; 2) breach of the duty owed by the attorney to its client; 3) the attorney's negligence proximately caused its client's injuries; and 4) damages. *See Sexton v. Smith,* 112 Ill.2d 187, 97 Ill.Dec. 411, 492 N.E.2d 1284 (1986).

(1990), the appellate court affirmed a trial court's decision to instruct a malpractice jury to first consider issues of malpractice liability, and then move to damages only if it found the attorney guilty of malpractice for failing to file a case. The malpractice plaintiff presented its entire case at once, covering both the malpractice issues as well as the "case within a case" facts having to do with the underlying personal injury action. At the end of the trial, the court gave three sets of jury instructions, one set dealing with the malpractice case, one set dealing with the underlying action, and one set for both cases together. The appellate court found that the malpractice case was nothing more than an ordinary negligence case, and that the jury instructions were proper.

We agree with this approach. Although trying this case as a whole will require the jury to synthesize more information at one time, we believe it is the only equitable way for this case to proceed. Neither the underlying personal injury action nor the malpractice case has terribly complex facts. We believe that a properly instructed jury will be able to follow and absorb the testimony of a carefully organized—albeit longer—trial of the entire matter. We therefore deny Dowd's motion to bifurcate the malpractice trial and try the damages portion first. It is so ordered.