819 A.2d 440 (2003)
359 N.J. Super. 151
Kona MIAH, Plaintiff-Appellant,
v.
Shraj AHMED, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted March 3, 2003.
Decided April 4, 2003.
*441 Paul Fernandez & Associates, Paterson, attorneys for appellant.
No brief was filed on behalf of respondent.
Before Judges PETRELLA, LINTNER and PARKER.
The opinion of the court was delivered by PETRELLA, P.J.A.D.
This appeal arises out of a landlord-tenant action in which the landlord, Kona Miah, was required to evict the tenant, defendant Shraj Ahmed, from the premises at 15 Paterson Avenue in Paterson, because under the local ordinances his occupancy was illegal. Although the defendant refused to vacate the premises and stopped paying rent on the unit, the judge in the eviction proceeding conditioned the eviction upon the landlord depositing six months' rent with the court.
These funds, $2,700, were deposited and held pending the determination of a court hearing on the turnover. The landlord also sought to recover the rent due for the period of time when the tenant occupied the rental unit without paying rent. The monthly rent that Ahmad was paying was apparently $450, based on the deposit of the $2,700.
When the judge in the tenancy court ordered the eviction of Ahmad on May 2, 2002, he also ordered that the $2,700 in landlord's funds on deposit were to be turned over to Ahmad immediately. The judge denied the landlord's application for a stay of his order pending appeal.
On May 3, 2002, this Court granted plaintiff's emergent application for a stay of the turnover order pending the determination *442 of his appeal. We specifically directed:
A stay of the turnover of the plaintiff's funds, heretofore deposited in the amount of $2,700 with the Clerk of the Court in Passaic LT-1856-02, to defendant former tenant is granted pending the determination of the appeal or the further order of this Court.
When the landlord's attorney returned to the tenancy court judge he discovered that the deposit monies were already paid out by the Clerk of the Special Civil Part through the finance office on an accelerated basis, notwithstanding that in the usual course it might have taken a week to two weeks which would have allowed time for an emergent application for a stay. Thereafter, however, the Clerk of the Court and the judge were supposed to make efforts to have those funds restored pending our review of the matter.
The transcript of the May 2, 2002 proceeding reflects that for some unknown reason the trial judge intervened in the payment process, thus short-circuiting the appellate process, and insisted on sending his clerk to the finance office to ensure that the tenant was paid the $2,700 check virtually immediately. Furthermore, the transcript indicates that there was another action pending between the same parties, instituted by plaintiff, under docket number DC-354-02 in Passaic County. We take judicial notice of the entries on the jacket of that Special Civil Part matter and it reveals that the same judge as in the tenancy court sua sponte stayed disposition of that case pending disposition of this appeal.
On May 28, 2002, Ahmad filed an emergent application before this Court to vacate the emergent relief that we had granted on May 3, 2002. We denied that motion and also ordered:
However, in view of the fact that the Clerk of the Trial Court prematurely released the deposited funds, and the respondent immediately cashed the check, we hereby authorize a limited remand to the Trial Court, on motion of appellant filed within thirty days hereof, to effectuate a restoration of those funds pending the determination of this appeal and the further order of the Court.
We note at this point that it is not the function of the trial judge to give special assistance to any litigant, particularly at the expense of another litigant and when he has notice of a hotly disputed issue and was clearly advised that an appeal would be promptly filed. We are at a loss to understand why the judge acted in the manner that he did. Moreover, plaintiff's brief informs us that the landlord's attorney obtained an order to show cause, returnable on July 29, 2002, before the same judge who was involved throughout these trial court proceedings, and the judge directed that the funds be returned to the court, but for unstated reasons he reportedly stayed the entry of his order. Furthermore, contrary to our rules and required procedures, the judge did not enter a written order, thus in effect negating the relief ordered by this court[1] by this omission. Such action is unsupportable and cannot be tolerated. Even if the judge disagrees with the order or ruling of an appellate court, he is bound to follow it. Hiering v. Township of Jackson, 248 N.J.Super. 37, 43, n. 2, 589 A.2d 1373 (Law Div.1990) (citing Reinauer Realty Corp. v. Paramus, 34 N.J. 406, 415, 169 A.2d 814 (1961)).
*443 In any event, we turn from the procedural aspect of the morass created by the trial judge to the merits of the appeal. We recognize that we are at a disadvantage because no brief has been submitted on behalf of the respondent. Nevertheless, we have considered the entire record, including the judge's reasons for his decision, and turn to the issue raised by the landlord on this appeal.
The landlord argues that the order of the tenancy court judge directing the turnover of the funds he deposited with the court to the defendant Ahmad, the former tenant, pursuant to N.J.S.A. 2A:18-61.1h. was inappropriate, and the statute providing for a "reimbursement" to a tenant should be conditioned upon proof of actual relocation expenses for the period up to six months of rental.
At the outset we note that merely because there was an illegal occupancy, a tenant is not entitled to have rent free accommodations, particularly for an extended period. Indeed, our cases have so held. McQueen v. Brown, 342 N.J.Super. 120, 129, 775 A.2d 748 (App.Div.2001), aff'd, 175 N.J. 200, 814 A.2d 1042 (2002). See also Norlund v. Faust, 675 N.E.2d 1142 (Ind.Ct.App.1997).
We turn now to the question of the interpretation of the applicable statute, N.J.S.A. 2A:18-61.1h(a), which provides:
a. If a residential tenant is displaced because of an illegal occupancy in a residential rental premises pursuant to paragraph (3) of subsection g. of section 2 of P.L.1974, c. 49 (C.2A:18-61.1) and the municipality in which the rental premises is located has not an ordinance pursuant to section 3 of P.L.1993, c. 342 (C. 2A:18-61.1g), the displaced residential tenant shall be entitled for reimbursement for relocation expenses from the owner in an amount equal to six times the monthly rental paid by the displaced person.
This provision was enacted by L. 1993, c. 342, § 4, effective December 27, 1993.
The term "reimbursement" as used in this section is not defined in the statute, and hence we apply usual rules of statutory construction. Cornblatt v. Barow, 153 N.J. 218, 231, 708 A.2d 401 (1998); State v. Butler, 89 N.J. 220, 226, 445 A.2d 399 (1982); State v. Carbone, 38 N.J. 19, 24, 183 A.2d 1 (1962). The trial judge, however, apparently read the statute to mean that a full six months' rent had to be paid over to the tenant in any event, whether or not the tenant actually incurred those expenses and required reimbursement to that extent for actual expenses. In effect, he applied the statute as creating a penalty provision against the landlord and in favor of the tenant. In any event, the trial judge erred by not allowing the landlord rent for at least the three month period beyond the six months that the tenant had stayed in the property. Under the most favorable circumstances and the widest construction of the statute the tenant could only take advantage of a six month credit at most. The tenant is responsible for all use and occupancy or rental over and above the six month period even if the judge's interpretation of the statute were correct. This is for the obvious reason that the tenant was not entitled to live rent free, even if there was an illegal tenancy or lack of a certificate of occupancy, or for whatever reason. McQueen, supra (342 N.J.Super. at 129, 775 A.2d 748).
In this case, the landlord learned that the tenancy in the unit was inappropriate under the existing municipal code, notified his tenant of that fact, and requested that he vacate the premises. We are not informed of the exact municipal code violation. Nonetheless, we cannot assume that the Legislature intended a windfall to the *444 tenant in such situations. Moreover, we cannot assume that the tenant was not aware of his surroundings when he moved into the premises and would be entitled to a windfall when a violation required his eviction or removal. The tenant also became obligated to leave the premises when the illegal occupancy was brought to his attention, unless the violation could be easily cured. This he hardly did promptly.
The record does not indicate whether or not Paterson, the municipality in which the rental premises was located, has or has not enacted an ordinance pursuant to N.J.S.A. 2A:18-61.1g,[2] as referred to in subsection 61.1h(a). Nevertheless, we must interpret the statute according to the usual rules of statutory construction. Words in the statute which are not specifically defined are given their common meaning. Scatuorchio v. Jersey City Incinerator Auth., 14 N.J. 72, 100 A.2d 869 (1953); Fuschetti v. Bierman, 128 N.J.Super. 290, 319 A.2d 781 (Law Div.1974). See also 2A Sutherland, Statutory Construction, § 46.01 (5th ed.1992). In determining the common meaning of words, it is appropriate to look to dictionary definitions. Matthews v. State, 187 N.J.Super. 1, 7-8, 453 A.2d 543 (App.Div.1982), appeal dism'd, 93 N.J. 298, 460 A.2d 694 (1983). "Reimburse" is defined as "[t]o pay back, to make restoration, to repay that expended; to indemnify, or make whole." Black's Law Dictionary, 1452 (4th ed.1957).
Although "reimbursement" is required, it would seem to be an improper confiscation by the Legislature of a person's funds to require payment of an amount more than necessary to repay or compensate an individual under the circumstances here, or even for relocation. Of course, there may also be situations where the delay by the tenant or the conduct of the tenant increased monetary responsibility or was the primary cause of any violation, such as overcrowding. See M.C. Associates v. Shah, 226 N.J.Super. 173, 179, 543 A.2d 1006 (App.Div.1988). The present appeal does not involve penalty provisions for code violations. See N.J.S.A. 2A:18-61.1g(c).
We are satisfied, that considering the plain meaning of the word "reimbursement" in the statute, that any relocation expenses must be based upon actual out-of-pocket expenses by the tenant. Here, there was no such evidence presented, and the judge simply ordered that the six months' rent he erroneously required the landlord to deposit, as a condition of eviction in an unlawful tenancy situation, was to be promptly turned over to the tenant. As we observed, the release to the tenant of these funds compounded the problem and indeed would complicate efforts by the landlord to overcome the errors by the trial judge and either preserve the status quo pending appeal or obtain recovery if his appeal was successful.
We reverse the determination of the tenancy court judge and remand the matter to the tenancy court for the entry of an order directing that the defendant-tenant return to the trial court all monies received pending a hearing on the actual expenses incurred by the defendant. In view of the circumstances we are constrained to direct that such proceedings on *445 this remand and any further proceedings involving the parties shall be heard by a different judge than the one previously involved in this matter.
In light of our determination, the motion filed by appellant on February 19, 2003 to compel the tenant to redeposit the funds that had been previously turned over to the tenant is dismissed.
NOTES
[1] This occurred despite communications between the trial judge and this court in which the trial judge indicated it was inexplicable how the clerk had released the funds and he didn't know what to do about it.
[2] This section of the 1993 law provides that a municipality may enact an ordinance providing for relocation assistance for persons evicted from zoning or code enforcement activity or illegal occupancy "in an amount equal to six times the monthly rental paid by the displaced person. The owner-landlord of the structure shall be liable for the payment of relocation assistance pursuant to this section." Other sections allow the municipality to obtain "reimbursement" from the owner-landlord of amounts paid by the municipality if the municipality pays a displaced person who has not received the required payment.