**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0999-23
               A-1002-23

CARMEN LAWRENCE AIELLO
and MADELINE MARION AIELLO,

     Plaintiffs-Appellants,

v.

LAW OFFICES OF JONATHAN
STONE, ESQ.,

     Defendant-Respondent.

_____

CARMEN LAWRENCE AIELLO
and MADELINE MARION AIELLO,

     Plaintiffs-Respondents,

v.

LAW OFFICES OF JONATHAN
STONE, ESQ.,

     Defendant-Appellant.

_____

Submitted November 7, 2024 – Decided June 3, 2025

Before Judges DeAlmeida and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-0461-14.

Peter A. Ouda, LLC, attorney for appellants Carmen Lawrence Aiello and Madeline Marion Aiello in A-0999-23 and respondents in A-1002-23 (Peter A. Ouda, on the briefs).

Jonathan Stone, respondent pro se in A-0999-23 and appellant in A-1002-23.

PER CURIAM

These matters, calendared back-to-back and consolidated for purposes of this opinion, arise from plaintiffs Carmen Lawrence Aiello's and Madeline Marion Aiello's legal malpractice action against defendant Law Offices of Jonathan Stone, Esq. (Stone). Plaintiffs' claims relate to Stone's representation of them in a bankruptcy proceeding.

The parties appeal three Law Division orders. In A-0999-23, plaintiffs appeal the October 20, 2023 order denying their cross-motion to reopen and extend discovery, granting Stone's motion for summary judgment, and dismissing their complaint with prejudice.

In A-1002-23, Stone appeals from the May 6, 2022 order restoring plaintiffs' complaint after it was dismissed without prejudice because of a pending bankruptcy petition, and the July 11, 2022 order denying Stone's motion

2

for reconsideration of the May 6, 2022 order and extending the time in which plaintiffs could file and serve an affidavit of merit (AOM).

We affirm the October 20, 2023 order in A-0999-23 and dismiss the appeal in A-1002-23 for lack of jurisdiction.

I.

On October 31, 2011, plaintiffs, who were represented by Stone, filed a voluntary bankruptcy petition under Chapter 13 of the United States Code in the Bankruptcy Court for the District of New Jersey. At the time, plaintiffs had mortgage arrears of approximately $40,000 on their residence. Plaintiffs' bankruptcy petition did not disclose Carmen's joint ownership with his brother of a Fort Lee gas station with a minimum value of $900,000.[1]

On April 24, 2012, at plaintiffs' request, the bankruptcy court converted their bankruptcy petition from a Chapter 13 matter to a Chapter 7 matter. The Chapter 7 trustee retained a separate law firm as his counsel for the bankruptcy.

On June 6, 2012, the Chapter 7 trustee held a meeting with plaintiffs and their creditors pursuant to 11 U.S.C.A. § 341(a). According to Stone, at the meeting, Carmen for the first time revealed his interest in the gas station.

---

[1] Because plaintiffs share a surname, we refer to Carmen by his first name. No disrespect is intended.

Plaintiffs alleged Stone was aware of Carmen's interest in the gas station when he filed the bankruptcy petition but failed to disclose that asset.

On June 9, 2012, plaintiffs met with Stone to discuss the failure to disclose Carmen's interest in the gas station in their bankruptcy filing. According to Stone, during the meeting, plaintiffs admitted they knowingly did not inform him of Carmen's interest in the gas station to protect the asset from distribution to creditors.

On June 26, 2012, Stone moved to withdraw as plaintiffs' counsel in the bankruptcy proceeding. The bankruptcy court granted Stone's motion on July 25, 2012. Plaintiffs subsequently retained new counsel.

On November 1, 2012, the Chapter 7 trustee filed an adversary proceeding in the bankruptcy matter against plaintiffs alleging they knowingly and fraudulently failed to disclose Carmen's ownership of the gas station, as well as rental income they were earning from that property.

On February 24, 2014, plaintiffs filed a complaint in the Law Division against Stone alleging legal malpractice. They alleged Stone breached his duty to them and performed below the standards of his profession by: (1) failing to investigate plaintiffs' assets and to advise them whether bankruptcy was the proper course of action to take before filing the bankruptcy petition; (2)

4

A-0999-23

improperly advising them to file a Chapter 13 bankruptcy petition in light of Carmen's interest in the gas station; and (3) falsely telling the bankruptcy court plaintiffs did not inform him of Carmen's interest in the gas station prior to the filing of the bankruptcy petition.  Plaintiffs alleged they suffered damages by having to hire an attorney to negotiate resolution of their bankruptcy petition to a favorable outcome.

On March 17, 2014, Stone filed a notice of removal of the malpractice action to the bankruptcy court.  On April 20, 2014, Stone filed an answer in the bankruptcy court.

On May 1, 2014, plaintiffs moved to remand the malpractice action back to the Law Division.  While that motion was pending, on June 20, 2014, Stone moved to dismiss the malpractice complaint because plaintiffs failed to serve an AOM by June 19, 2014, which was sixty days from the April 20, 2014 filing of his answer.  See N.J.S.A. 2A:53A-27.

Also on June 20, 2014, plaintiffs' counsel filed with the bankruptcy court an AOM dated June 19, 2014.  The AOM was not docketed by the bankruptcy court until June 23, 2014.  Stone argued that the AOM, although filed with the court, was never served on him.  He alleged he discovered the AOM when he

was examining the bankruptcy court's docket after he filed the June 20, 2014 motion.

On September 2, 2014, the bankruptcy court remanded the malpractice action to the Law Division. On September 4, 2014, the bankruptcy court denied Stone's motion to dismiss the complaint because it had been remanded to the Law Division.

On September 5, 2014, Stone moved in the Law Division to dismiss the malpractice action. He argued plaintiffs did not comply with N.J.S.A. 2A:53A-27 because they failed to serve the AOM on him in a timely fashion and because while the bankruptcy matter was pending, only the Chapter 7 trustee had standing to file and serve an AOM on behalf of plaintiffs' estate.

On December 29, 2014, the Law Division dismissed the malpractice action without prejudice under the automatic stay provision of the Bankruptcy Code.

On April 19, 2017, plaintiffs' bankruptcy matter was closed. After several unsuccessful attempts to vacate the Law Division order dismissing the malpractice action without prejudice, plaintiffs moved in the bankruptcy court for a determination that the malpractice action was no longer part of the bankruptcy estate. On December 22, 2020, the bankruptcy court issued an order

6

stating that the Chapter 7 trustee had abandoned plaintiffs' malpractice claims when the bankruptcy case was closed in April 2017.

On February 2, 2022, plaintiffs moved in the Law Division to vacate the Law Division order dismissing the malpractice action without prejudice. Stone cross-moved to dismiss the complaint because plaintiffs failed to timely serve an AOM.

On May 6, 2022, the Law Division entered an order granting plaintiffs' motion and denying Stone's cross-motion. In a brief written decision, the court stated the complaint was reinstated because the automatic bankruptcy stay had been lifted.

On May 24, 2022, Stone moved for reconsideration of the May 6, 2022 order. He argued plaintiffs' counsel never served him with the AOM and, as a result, failed to satisfy plaintiffs' obligation under N.J.S.A. 2A:53A-27.

On July 11, 2022, the Law Division denied the motion and extended the time for service by plaintiffs of an AOM. On September 4, 2022, plaintiffs' counsel timely filed and served an AOM on Stone.

The parties thereafter filed numerous motions and adjournment requests relating to discovery. Ultimately, the court ordered plaintiffs to serve their expert report no later than October 31, 2022, set a discovery end date of January

7

16, 2023, and fixed a trial date of June 26, 2023. Although plaintiffs named an expert in response to interrogatories, both the October 31, 2022 deadline and the discovery end date passed without plaintiffs producing an expert report.

On May 9, 2023, Stone moved for summary judgment and on June 5, 2023, he moved to bar the testimony of plaintiffs' expert because of their failure to produce an expert report. Stone argued plaintiffs could not establish he breached his duty of care to them based on the undisputed facts and their claims failed as a matter of law without expert testimony.

On June 13, 2023, thirteen days before the trial date, plaintiffs opposed Stone's motion for summary judgment and cross-moved to reopen discovery and extend the discovery end date to permit them to serve an expert report and give Stone an opportunity to depose their expert and produce an opposing expert report. In their cross-motion, plaintiffs acknowledged they failed to serve their expert report before the close of discovery.

On October 20, 2023, the court granted Stone's motions for summary judgment and to bar the testimony of plaintiffs' expert, denied plaintiffs' cross-motion, and dismissed the complaint with prejudice. In a written decision, the court found plaintiffs failed to comply with Rule 4:46-2 by not filing a responding statement either admitting or disputing each of the facts set forth in

Stone's statement of undisputed material facts filed in support of his motion. Thus, the court considered each of the facts in Stone's statement to be admitted.

While noting its reluctance to dismiss claims on procedural grounds, see Ponden v. Ponden, 374 N.J. Super. 1, 10 (App. Div. 2004), the court "recognize[d] the need for limits on the number of discovery extensions to promote the fair and efficient administration of justice and to safeguard due process for plaintiffs as well as defendants." The court noted plaintiffs did not move for an extension of discovery prior to the discovery end date or before a trial date was set. Thus, the court concluded, Rule 4:24-1 permits an extension of the discovery period only upon a showing of exceptional circumstances.

The court found plaintiffs did not establish exceptional circumstances to reopen discovery and extend the discovery end date:

> Plaintiffs' counsel asserts that exceptional circumstances warrant reopening and extending discovery because his mother-in-law was hospitalized in February 2023, and subsequently died in June 2023. His father-in-law also died in early May 2023. Counsel further asserts that [p]laintiffs did not engage in any willful conduct and [d]efendant would not be prejudiced by an extension of discovery.
>
> The [c]ourt regrets the illness and subsequent death of [p]laintiffs' [c]ounsel's relatives. The [c]ourt also understands the difficulties of caring for ailing parents. In addition, the [c]ourt accepts that [p]laintiffs did not engage in willful conduct when they failed to produce

A-0999-23

the required discovery in a timely fashion. Those developments or reasons, however, do not establish exceptional circumstances to justify reopening and extending . . . the discovery end date. They also don't mitigate the prejudice to [d]efendant.

This case has been pending for [nine] years and [seven] months. As a Track 3, professional negligence action, the parties were entitled to 450 days of discovery. Here, the parties had the benefit of 3,052 days of discovery or more than seven times the number of days allotted for discovery in this type of case.

The court also noted that "although this action was stayed because of [p]laintiffs['] then-pending bankruptcy action, the parties had the opportunity to pursue their claims and defenses, which they did, in the bankruptcy proceedings. Indeed, this action for legal malpractice relates to [d]efendant's representation of [p]laintiffs in the [B]ankruptcy [C]ourt." The court noted plaintiffs knew they needed to retain an expert from the time they filed the complaint, given the ongoing dispute between the parties dating to 2014 with respect to the filing and service of an AOM.

The court found plaintiffs provided no convincing explanation for their failure to complete discovery in a timely fashion and could not establish their counsel pursued discovery in an expedient manner. The court found "there is no explanation for counsel's failure to seek the extension prior to the expiration of the discovery end date, particularly when he knew or should have known that

the due date to serve the expert report fixed in the case management order had passed over two months earlier." Thus, the court denied plaintiffs' cross-motion to reopen and extend discovery.

With respect to Stone's summary judgment motion, the court concluded that absent expert testimony, plaintiffs' malpractice claims failed as a matter of law. An October 20, 2023 order memorialized the motion court's decision.

On December 4, 2023, plaintiffs filed a notice of appeal from the October 20, 2023 order.

Also on December 4, 2023, Stone filed a notice of appeal and stated in his case information statement that he was appealing the May 6, 2022 and July 11, 2022 interlocutory orders.

## II.

### A.     A-0999-23.

In A-0999-23, plaintiffs challenge the October 20, 2023 order, arguing the motion court erred when it denied their cross-motion to reopen discovery and extend the discovery end date to permit them to produce a long-overdue expert report. We disagree.

We review a decision denying a motion to reopen or extend discovery for an abuse of discretion. Leitner v. Toms River Reg'l Schs., 392 N.J. Super. 80,

87 (App. Div. 2007).  "That is, '[w]e generally defer to a trial court's disposition of discovery matters unless the court has abused its discretion or its determination is based on a mistaken understanding of the applicable law.'" Pomerantz Paper Co. v. New Cmty. Corp., 207 N.J. 344, 371 (2011) (quoting Rivers v. LSC P'ship, 378 N.J. Super. 68, 80 (App. Div. 2005) (alteration in original)).

According to Rule 4:24-1(c), "[n]o extension of the discovery period may be permitted after a[] . . . trial date is fixed, unless exceptional circumstances are shown."

> In order to extend discovery based upon "exceptional circumstances," the moving party must satisfy four inquiries:  (1) why discovery has not been completed within time and counsel's diligence in pursuing discovery during that time;  (2) the additional discovery or disclosure sought is essential; (3) an explanation for counsel's failure to request an extension of the time for discovery within the original time period; and (4) the circumstances presented were clearly beyond the control of the attorney and litigant seeking the extension of time.
>
> [Rivers, 378 N.J. Super. at 79 (citing Vitti v. Brown, 359 N.J. Super. 40, 51 (Law Div. 2003)).]

"Any attorney requesting additional time for discovery should establish that he or she did make effective use of the time permitted under the rules."  Ibid. "A failure to pursue discovery promptly, within the time permitted, would

12

normally be fatal to such a request." Ibid. "[W]here the delay rests squarely on plaintiff's counsel's failure to retain an expert and pursue discovery in a timely manner, and the [above] factors are not present there are no exceptional circumstances to warrant an extension." Bldg. Materials Corp. v. Allstate Ins. Co., 424 N.J. Super. 448, 479 (App. Div. 2012) (quoting Rivers, 378 N.J. Super. at 79 (internal quotations omitted)). The moving party must provide "[a] precise explanation that details the cause of delay and what actions were taken during the elapsed time . . . ." Bender v. Adelson, 187 N.J. 411, 429 (2006).

As the motion court observed, plaintiffs' malpractice complaint was filed in February 2014, more than nine years before plaintiffs' June 13, 2023 motion to reopen discovery and extend the discovery end date. From the time the complaint was filed, plaintiffs were aware their malpractice action required an expert witness. In fact, they retained an expert in 2014 to complete an AOM.

Although the malpractice action was dismissed without prejudice while the automatic bankruptcy stay was in place, the Chapter 7 trustee abandoned the action when the bankruptcy case closed in April 2017. After a series of attempts by plaintiffs to reinstate the complaint, which were opposed by Stone, on December 22, 2020, the bankruptcy court confirmed the malpractice action had been abandoned by the Chapter 7 trustee.

13

After issuance of the December 22, 2020 order, plaintiffs did not move to reinstate the malpractice complaint until February 2, 2022, more than a year later. The motion court reinstated the complaint on May 6, 2022. Although Stone moved to have the complaint dismissed based on plaintiffs' non-compliance with their AOM obligations, plaintiffs had from May 6, 2022, at the latest, to produce an expert report.

Ultimately, the court ordered plaintiffs to produce their expert report by October 31, 2022, set a discovery end date of January 16, 2023, and fixed a trial date of June 26, 2023. Plaintiffs failed to meet the October 31, 2022 deadline. They did not move to extend the time to produce a report either before or immediately after the deadline passed. In addition, the January 16, 2023 discovery end date passed without any action by plaintiffs. They simply failed to comply with their obligation to produce a timely expert report.

It was not until June 13, 2023, almost eight months after the October 31, 2022 deadline, five months after the close of discovery, and thirteen days before the trial date, that plaintiffs moved to reopen discovery and extend the time in which to produce an expert report. Plaintiffs sought relief only after Stone moved to bar their expert report and for summary judgment. In support of the motion, plaintiffs' counsel certified that his mother-in-law was hospitalized in

14

February 2023 – after expiration of both deadlines – and died in June 2023 – well after the expiration of both deadlines. In addition, counsel's father-in-law died in May 2023, also after expiration of both deadlines.

Counsel did not provide any details of his role in providing care for his in-laws or explain why their illnesses in 2023 excused his clients' failure to produce an expert report prior to October 31, 2022. Nor does counsel explain why his clients did not seek relief as the October 31, 2022 deadline approached, or shortly after it passed, or when the discovery end date approached and passed. We see no error in the trial court's exercise of discretion when it denied plaintiffs' request to reopen a long-pending matter, given their utter failure to produce a timely expert report or justify their failure to do so.

With respect to Stone's summary judgment motion, we review a grant of summary judgment de novo, applying the same standard as the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). That standard requires us to "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)). "Summary judgment

should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). We do not defer to the trial court's legal analysis or statutory interpretation. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018); Perez v. Zagami, LLC, 218 N.J. 202, 209 (2014).

Plaintiffs argue it was error to grant summary judgment to Stone because they did not need expert testimony to prove their malpractice claim. According to plaintiffs, they would have testified at trial that they informed Stone of Carmen's interest in the gas station and Stone neglected to report that asset on plaintiffs' bankruptcy petition. Those facts, plaintiffs argue, establish Stone's malpractice as a matter of law without the need for expert testimony. See Brizak v. Needle, 239 N.J. Super. 415, 429 (App. Div. 1990) ("Expert evidence is not required in a legal malpractice case to establish an attorney's duty of care where the duty is so basic that it may be determined by the court as a matter of law."). We disagree.

To establish legal malpractice, plaintiffs must demonstrate three elements: "'(1) the existence of an attorney-client relationship creating a duty of care by

A-0999-23

the defendant attorney, (2) the breach of that duty by the defendant, and (3) proximate causation of the damages claimed by the plaintiff.'" Morris Props., Inc. v. Wheeler, 476 N.J. Super. 448, 459 (App. Div. 2023) (quoting Jerista v. Murray, 185 N.J. 175, 190-91 (2005)). Plaintiffs must establish each element of a legal malpractice claim and "bear[] the burden of proving by a preponderance of competent credible evidence that injuries were suffered as a proximate consequence of the attorney's breach of duty." Sommers v. McKinney, 287 N.J. Super. 1, 9-10 (App. Div. 1996). "This burden is not satisfied by mere conjecture, surmise or suspicion." Id. at 10.

In addition, expert testimony is generally required to prove legal malpractice. Kranz v. Tiger, 390 N.J. Super. 135, 147 (App. Div. 2007). Expert testimony is required in professional malpractice claims where the issue to be resolved is "so esoteric that the average juror could not form a valid judgment as to whether the conduct of the professional was reasonable." Sommers, 287 N.J. Super. at 10; see also Butler v. Acme Markets, Inc., 89 N.J. 270, 283 (1982). Where "'the duties a lawyer owes to his client are not known by the average juror,' expert testimony must necessarily set forth that duty and explain the breach." Buchanan v. Leonard, 428 N.J. Super. 277, 288 (App. Div. 2012)

(quoting Carbis Sales, Inc. v. Eisenberg, 397 N.J. Super. 64, 78 (App. Div. 2007)).

However, if "the attorney's 'duty is so basic that it may be determined by the court as a matter of law,'" then expert testimony is not required. Kranz, 390 N.J. Super at 147 (quoting Brizak, 239 N.J. Super. at 429) (no legal expert required to explain attorney's failure to conduct investigation into personal injury claim); see also Stewart v. Sbarro, 142 N.J. Super. 581, 591 (App. Div. 1976) (holding no expert necessary for attorney's failure to execute and record bond and mortgage); Fuschetti v. Bierman, 128 N.J. Super. 290, 295 (Law Div. 1974) (holding plaintiff did not require an expert to explain that failure to file suit before statute of limitations expired was error).

Plaintiffs' malpractice complaint alleges Stone breached his duty to "advise his client[s] whether [b]ankruptcy was the proper course of action to take" and that he filed a Chapter 13 petition when he "knew or should have known that such a filing was ill advised" because of Carmen's interest in the gas station. In addition, plaintiffs allege Stone's breaches of duty caused the conversion of their petition from a Chapter 13 matter to a Chapter 7 matter, which caused plaintiffs to incur unnecessary legal fees.

A-0999-23

Jurors would need more than their common knowledge to evaluate these allegations. The determination of whether an attorney properly advised clients with respect to the wisdom of filing a bankruptcy petition surely is outside the ken of the average juror. In addition, without expert testimony the average juror would be unable to determine the cause of the bankruptcy court's conversion of plaintiffs' petition from one chapter of the Bankruptcy Code to another chapter of the Bankruptcy Code, the legal distinction between those chapters, and the effect that the conversion had on plaintiffs' bankruptcy petition. The same is true with respect to the average juror's ability to determine whether plaintiffs incurred unnecessary legal fees as a result of Stone's alleged breaches of duty. Summary judgment in favor of Stone was, therefore, warranted.

B.    A-1002-23.

We lack jurisdiction to decide Stone's appeal of the interlocutory May 6, 2022 and July 11, 2022 orders. The October 20, 2023 order, which resolves all issues as to all parties, is the order from which an appeal can be taken to this court as of right. R. 2:2-3(a)(1). However, "[g]enerally, only a party aggrieved by a judgment may appeal from it." Ellison v. The Evergreen Cemetery, 266 N.J. Super. 74, 78 (App. Div. 1993). See also Calabro v. Campbell Soup Co., 244 N.J. Super. 149, 169 (App. Div. 1990) ("Only a party aggrieved by a

judgment may appeal therefrom."), aff'd o.b., 126 N.J. 278 (1991). The October 20, 2023 order was entirely in Stone's favor because it granted him summary judgment on all of plaintiffs' claims and dismissed the malpractice complaint with prejudice. Stone, therefore, cannot establish appellate jurisdiction in this court through the filing of a notice of appeal. Moreover, because we affirm the October 20, 2023 order, reversal of the May 6, 2022 and July 11, 2022 orders would afford no greater relief to Stone than he has already obtained.

The October 20, 2023 order is affirmed. The appeal in A-1002-23 is dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0999-23